June, 1810.

OLMSTED
v.
HOYT.

4d 436
59  387

## NATHAN OLMSTED *against* STEPHEN HOYT and JOSEPH LOCKWOOD.

In trover for goods, the defendant admitted the taking, and attempted to justify, under a writ of attachment, judgment and execution. The writ bore date on the 19th of *September*, was served on the 18th of *February* following, and returned, according to its exigency, on the third *Tuesday* of *April* following. Two stated terms of the court had intervened between the apparent date and the return, but there was no intervening term between the service and the return. Held that a judgment founded on this process, while unreversed or set aside, was not absolutely void; and that it was competent for the defendant to show by parol testimony that the writ

MOTION for a new trial.

This was an action of trover for two horses, two oxen, and other personal property.

The general issue was pleaded.

On the trial, it was admitted by the defendants that they took and carried away the articles specified in the declaration. But they attempted to justify the taking by virtue of an attachment in the name of the defendant *Hoyt* against *Ebenezer Lockwood*, which *Joseph Lockwood*, the other defendant, held as constable, and levied upon the articles in question as the property of *E. Lockwood*. It was admitted by the plaintiff, that *Hoyt* was a *bonâ fide* creditor of *E. Lockwood* for the sum demanded in the writ of attachment; that *E. Lockwood* was in failing circumstances; and that the articles in question were once the property of *E. Lockwood*. But, at the time the attachment was served, the plaintiff claimed them by virtue of a conveyance to him, which, on the other hand, the defendants contended was merely colourable, and void as against creditors.

The attachment was dated the 19th of *September*, 1807, was served the 18th of *February*, 1808, and was made returnable to the county court of *Fairfield* county, on the third *Tuesday* of *April* following. When it was offered in evidence, the plaintiff objected to its admission on the ground that it was void, there having been two intervening stated terms of the county court in that county, between the date and issuing of the writ and the return day. To obviate this objection, the defendants showed to the court that the writ was duly returned according

was issued on the day of service, and that having been drawn for a previous term, it was then altered, and the original date was retained by mistake.

to its exigency, and that judgment was thereon rendered,
and execution issued, by virtue of which the property
specified in the declaration was taken and regularly sold,
and the avails applied to satisfy the same. The defend-
ants also offered to prove, by parol testimony, that the
attachment was first made returnable to the *November*
term of said county court, and was, after said intervening
terms, and before service, altered by the justice who
signed the same, and made returnable to the *April* term
of said court; that the bond for prosecution was retaken;
and that a new date was omitted by mere mistake. The
plaintiff objected to the admission of the evidence thus
offered by the defendants ; but the court overruled the
objection, and admitted the same, and thereupon over-
ruled the objection to the admission of the attachment,
and permitted it to be read in evidence to the jury. The
plaintiff then urged to the court, that the attachment,
process, and judgment were absolutely void; and prayed
the court to instruct the jury accordingly. But the
court instructed the jury that they were not absolutely
void; and thereupon the defendants obtained a verdict.
The plaintiff moved for a new trial, on the ground that
the court mistook the law in admitting the evidence
offered by the defendants, and in the charge to the jury.

*Daggett* and *Mitchell*, in support of the motion. 1.
It is settled in *Great Britain*, and in this state, that a
writ of mesne process with a term intervening between
the teste and return is absolutely void. *Shirley* v.
*Wright*, 2 *Ld. Raym.* 776. S. C. 2 *Salk.* 700. *Parsons*
v. *Lloyd*, 2 *Bl. Rep.* 846. S. C. 3 *Wils.* 341. *Nichols* v.
*Shaw*, 1 *Root*, 315. A contrary rule would be produc-
tive of much inconvenience and mischief. If the defend-
ant were arrested on a writ returnable at a distant day,
it would be difficult for him to procure bail ; and for
want of it he might be imprisoned for life. He might
be ruined merely by having a suit hanging over him

June, 1810.

OLMSTED
v.
HOYT.

without ever having the justice of the demand tried. In this way, a debtor's property might be collusively attached and kept out of the creditor's power, and the statute against fraudulent judgments be evaded. Any individual, by a writ of attachment merely, would have it in his power to put a perpetual encumbrance upon the defendant's property.

2. This process being irregular and void, the defendants could not justify under it, and it ought to have been rejected as inadmissible evidence. But it may be said that the original defendant, by omitting to plead the irregularity in abatement, waived all exceptions to the form of process. Our answer to this is, that there can be no waiver of irregularity so as to give jurisdiction over a process that is absolutely void. A mere personal privilege may, indeed, be waived; such as a privilege not to be sued in certain courts. A man sued before the city court, by omitting to plead to the jurisdiction of the court, may admit that the cause of action arose within the limits of the city; but such omission would not give jurisdiction where there was no writ. Further, the present plaintiff was not a party to the original suit. He ought not to be affected by the waiver of a stranger. He availed himself of the first opportunity that he had to except to the process.

It may also be said, that if the irregularity has not been waived, still it can only be taken advantage of by writ of error. But it is not necessary to bring a writ of error where the judgment is *void*. The distinction between a void and an erroneous judgment, is where the court had cognisance of the cause and where it had not; for if it had cognisance, though there were no cause of action, the judgment is only erroneous. And even if the judgment be not absolutely void, still the error may be taken advantage of in a collateral suit, if it be shown either by the evidence, or the pleading of the party in whose favour the judgment is. Here the defect appears by

June, 1810.

OLMSTED
v.
HOYT.

the defendant's own showing; and by evidence, too, which they are obliged to show; for it is not sufficient for them to show merely a judgment and execution, but they must show the process also.

3. If the plaintiff could take advantage of the defect in question in this action, we contend that that defect was not removed or aided by the evidence adduced by the defendants; and of course it ought not to have been admitted. In the first place, it was inconsistent with the record; and no position of law is better established than that a record imports in itself such uncontrollable verity as not to admit of any proof to the contrary. *Co. Litt.* 260. a. But aside from this objection, the evidence did not show the process to be good. The old writ was defunct. It could not afterwards be made good by a new bond and a new return day, without a new duty. *Stat.* tit. 54. s. 8, 9. *Chauncey* v. *Strong*, 2 *Root*, 369.

*R. M. Sherman* and *N. B. Benedict*, contra. An instrument takes effect from the delivery; and the date expressed is only *primâ facie* evidence of the time of delivery. This, as a general position, will not be questioned. It is as applicable to writs as to deeds. Suppose a writ issued on *Monday* to be dated by mistake on *Sunday*; might not the true time be shown? But if the date expressed in a writ does not show *conclusively* the true time when it was issued, the evidence adduced by the defendants was proper. The question as to an intervening term, then, is out of the case. The evidence proved that the writ in fact was issued in *February*, and was made returnable to the next court. *Young* v. *Kenyon*, 2 *Day*, 252. was referred to.

But admitting that there was an intervening term between the *teste* and return, is it clear that the process was absolutely void? No statute provision has made it so; and yet our process is regulated by statute. It is not void on account of any inconveniences to the defend-

ant in the suit; for he may have redress for a vexatious process, as for vexatiously holding to bail. Suppose a writ returnable to the county court to have been served only six days before the return day, and the defendant does not plead this in abatement, the process is not void; for if he appears and pleads to the merits, he waives the irregularity. If it were void, it could not be the foundation of any judicial proceeding whatever. The decision of the court in *Parsons* v. *Lloyd*, (best reported in 3 *Wils.* 341—346.) relative to a *capias ad respondendum* in *England*, does not evince that our writ of attachment, by which personal property is taken, with a term intervening between the date and return, would be void. The reasons on which that decision is founded would rather lead to a contrary conclusion. And even the writ in that case was not held to be void in such a sense that it could not be given in evidence; for *De Grey*, Ch. J. said the *officer* might justify under it.

Further, it is clear that this writ might have been *amended* when it came before the court, so that the date expressed would correspond to the true time. It follows that the process was not absolutely void. After such amendment, the process would be regular on the face of it; judgment might be rendered, an execution obtained, and the property attached regularly sold under it. In this point of view the direction to the jury was correct.

It has been contended that the process was void because a second duty was not paid. But no second duty was necessary. This writ was issued but once, and was served but once. One duty, therefore, was sufficient. The case of *Chauncey* v. *Strong* did not turn upon the non-payment of a second duty. A writ dated in *October*, and returnable to the county court on the 4th *Tuesday* in *November*, was directed to an indifferent person to serve under the statute then in force. The date was afterwards altered to the 31st of *March* following, and the

return day was altered to the second *Tuesday* of *June*. The writ was then served and returned without any new direction, by the person to whom it was originally directed. The court say, that the magistrate who signed the writ might have good cause for directing it to an indifferent person when he made the direction in *October*, and none for doing it on the 31st of *March*, when it was dated the second time. This is obvious and satisfactory ; but it decides nothing as to the payment of a second duty. At any rate, the court have given no misdirection on this point, and it furnishes no ground for a new trial.

TRUMBULL, J. This is an action of trover brought by *Nathan Olmsted* against *Stephen Hoyt* and *Joseph Lockwood*, for taking sundry cattle and other articles, the property of the plaintiff, and converting them to their own use. Upon issue before the superior court, on the plea of *not guilty*, the verdict and judgment was in favour of the defendants. It comes before us on a motion for a new trial.

As the defendants acknowledged the taking of said articles as the property of one *Ebenezer Lockwood*, and contested the point only, whether the conveyance by him to the plaintiff was a legal and sufficient transfer, or only colourable and fraudulent, it was necessary for them to show that they had acquired a right so to take and carry them away ; because such a conveyance would be good, as between the parties and against a mere stranger. To prove this right, they offered in evidence the record copy of a writ of attachment in favour of said *Hoyt* (a *bona fide* creditor of said *Ebenezer*, who was in failing circumstances) against said *Ebenezer ;* and the return thereon by said *Joseph*, a legal officer, that he had attached the cattle and other articles thereon, as the property of *Ebenezer*, and held them in safe custody. The record also shows that the writ was returned to court,

June, 1810.

OLMSTED
v.
HOYT.

June, 1810.

OLMSTED
v.
HOYT.

judgment rendered in favour of said *Hoyt*, and by virtue of an execution thereon said property was sold according to law, and the avails applied to satisfy it.

The judgment of a court of record having jurisdiction, is not void, but stands in force till avoided by reversal; however erroneous it may be, or contrary even to the provisions of a statute. The same is the rule as to the decisions of courts not of record. The decisions of courts of chancery, and admiralty, of ecclesiastical courts, orders of session, and every judicial act, in matters within their respective jurisdictions, are valid till properly quashed, set aside, or reversed.

A stranger may contest the validity of such judgment or decision, by showing a want of jurisdiction in the court, or a fatal omission in the process, such as want of due service of the writ; or on the ground, that the judgment or decision was obtained and kept on foot by fraud, covin and collusion between the parties; as in the present case *Olmsted* might contend that *Hoyt* was not a *bona fide* creditor.

The objection to the admissibility of this writ of attachment and record was, that the date of the writ was the 19th of *September*, 1807, that it was returnable to *April* court, 1808, and that there had been two intervening stated terms of said court; in consequence of which, the plaintiff claims that the writ, process and judgment thereon were void. The return showed that the writ was served on the 18th day of *February*, 1808, after the last day of service to the second intervening court had passed; and the record showed, that the writ was duly returned to said *April* court, and judgment rendered on it in due form of law.

To show that said early date was a fault, which could only have been taken advantage of in a plea of abatement, and that it was not occasioned by any fraud of *Hoyt*, the plaintiff, or covin between the parties in that suit; the present defendants offered parol testimony to

show that said writ of attachment was first made re-
turnable to the *November* term of said court, and after
the last day of service to the second intervening court,
was altered by the justice who signed it, and made re-
turnable to said *April* court, the bond to prosecute re-
taken, and a new date omitted by the mere mistake of
the justice, and that the writ, after said alteration made,
was duly served, as was stated in the return.

This testimony was admitted by the court below, and
the objections of the plaintiff against it overruled.

After a full hearing of the cause, the court charged
the jury, that said writ of attachment, process and judg-
ment were not *absolutely void*.

I am of opinion that the testimony was admissible.
The date of a deed may be false, or impossible, yet the
mistake may be aided by showing the time of its actual
delivery by the grantor. In the same manner the mis-
take in the date of this writ, may be aided by showing
the time when it was actually issued and served. I am
also of opinion, for the reasons already stated, that the
writ, process and judgment were not absolutely void;
that the charge to the jury was right; and that no new
trial be advised by this court.

In this opinion the other judges severally concurred.

New trial not to be granted.