THE STATE *VS.* MATTHEWS.

1. Enquiries into the genuineness of the records of the court cannot be allowed, in a criminal case, after the jury are empanneled.

2. Parol evidence to prove the identity of a record, where the venue is changed, is admissible, on a suitable issue joined raising the question.

Error to Henry Circuit court.

Indictment for murder, tried before *A. Martin*, J.

The prisoner was indicted at the Spring term of the Circuit court of Barbour county, in the present year, for the murder of one William Herring, and on his arraignment, pleaded not guilty ; on his application, the venue was changed to Henry county, in the Circuit court of which, a trial was had at the Spring term, eighteen hundred and thirty-nine, which resulted in the conviction and sentence of the prisoner.

After the jury was sworn and empanneled, the solicitor offered to read to the jury, the original bill of indictment, said to have been found by the grand jury in Barbour county ; and the prisoner, by his counsel, objected, for the reason that there was no sufficient evidence before the court, to show that the paper offered to be read was the original indictment in the case. The certificate of the clerk of the Circuit court of Barbour county, did not show that the original indictment was appended, and made part of the transcript. It also appeared on inspection of the transcript, that the original indictment, and

The State *vs.* Matthews.

other original papers in said case, were not appended to the same. The original indictment and affidavit, with the transcript, had been enveloped and sealed up together, and delivered to the clerk of the Circuit court of Henry county, by the clerk of the Circuit court of Barbour county, but the clerk's certificate did not show that the said indictment had been so enclosed, or that the original papers then offered to be read, belonged to, or was any part of the record, or that they in any manner belonged to it. The certificate is in these words:

" The State of Alabama, Barbour county.

" I, Neal McDonald, clerk of the Circuit court of said county, do hereby certify, that the foregoing pages contain a correct transcript of the order of the change of venue, and of the several orders and recognizances which relate to the case of the State against Michael Matthews, for murder, as therein specified. Given under my hand and private seal, (having no seal of office.)

" NEAL M'DONALD, [L. S.] Clerk."

The court decided, that the certificate of the clerk, and the record produced, did not warrant the reading of the indictment, but that other evidence might be offered to show the fact, independent of the record and clerk's certificate. Thereupon, the clerk of the Circuit court of Barbour county, was sworn as a witness, who testified that the indictment then offered, was the original indictment found in the said cause: that it was enclosed with the transcript, sealed up, and delivered by him to the clerk of the Circuit court of Henry county. To the admission of this evidence, the prisoner objected, and the Circuit court having admitted it, reserved the questions

of law t ereon arising as novel and difficult, for the decision of the Supreme co.irt.

*Attorney General*, for the State.

GOLDTHWAITE, J.—Questions very similar to this, have several times been referred to this court for determination, but each one has hitherto been decided on its peculiar features, and no general rule, applicable to all cases, has been laid down.

In the case of the State vs. Collier, (2 Stewart, 388,) the prisoner's counsel, at the trial, objected to the reading of any of the papers transmitted from Jackson county, (from which the venue was changed,) on the ground, that they were not properly in court. The clerk of the Jackson Circuit court, stated on oath, that three days before the trial commenced, he came to Huntsville, from Jackson county, bringing with him the original papers and transcript, with the certificate thereon, all open and unsealed ; that on his arrival in Huntsville, he handed them over to the solicitor unsealed, who kept them till the morning of the trial, when, on their being returned to him, he, in Huntsville, and not in Jackson county, sealed them up and and handed them to the clerk of Madison Circuit court. The Supreme court determined, that the papers were properly before the Circuit court, notwithstanding the certificate was actually made out of Jackson county.

In the case of the State vs. Williams, (3 Stewart, 454,) one of the errors relied on was, that no proof was offered

The State *vs.* Matthews.

to show the manner wherein the indictment on which it was proposed to try the prisoner, came into the Circuit court of Autauga county, to which the venue had been changed. The learned judge who delivered the opinion of this court, as to that objection, remarks: "As to the manner in which the indictment was conveyed into the office of the Circuit court of Autauga, it must be presumed to have been in conformity with the order which transferred the case from the one court to the other. The order required, that the clerk of the Circuit court of Montgomery county, should safely transmit to the clerk of the Circuit court of Autauga county, the indictment, and all original papers in the case, together with a certified copy of all orders and other proceedings which have been had in the case. This certified copy of the proceedings, is at the next term of the Circuit court, found in the possession, and among the official papers of the clerk of that court, and the indictment is filed with them; the case is twice continued by the defendant afterward; he certainly cannot, at so late a period, and under these circumstances, be heard to say that the indictment does not appear to have come regularly into that court."

In the case of the State vs. Greenwood, (5 Porter, 474,) the objection urged was, that the indictment should have been copied upon the records of the court where it was found. The court, in answer, remark: "All the papers relating to the cause, including the indictment, were *in fieri*, when the order for change of venue was made; and as it did not become a record until after enrolment, the objection could as well be made in the court where the

indictment was found, as elsewhere. The papers are, by law, entrusted to the custody of the clerk, and the certificate which he has made in this cause, that the indictment has been subjoined to the transcript, imports as absolute verity, as would his production of it, on trial in the court where it was found. In either case, were it not the true indictment, the matter might be disputed in a proper mode."

It is manifest, that the two former cases go much further than the present, to sustain the proceedings against the prisoner, but it is conceived that the true foundation on which all these must rest, independent of the peculiar features appertaining to each of them, is this—That no enquiry, such as was entered into, was proper, after the case was submitted to a jury : a defect in, or the want of a proper certificate, would be no good cause of acquittal : so, also, if the prisoner was tried on a copy, instead of the original indictment. All enquiries into the genuineness of the records of the court, are improper, after the case is submitted, and can only have a tendency to withdraw the consideration of the jury from the true matters in issue. It is evident, that an enquiry into the authenticity of a paper purporting to contain a *statement* of the charge, would have no tendency to prove the guilt or innocence of the prisoner, and is consequently wholly immaterial, *when the trial is in progress.* Neither is it conceived that the omission of the clerk to forward the original indictment, in conformity with the rule of court, could so operate as to produce an acquittal of the defendant. It might, and doubtless would be irregular, to force a trial in the absence of the indictment, or if a copy, in-

stead of the original, was read to the jury, and the fact was unknown to the prisoner before the trial, it might be a reason why a new trial should be awarded, though even to this extent, the doctrine may be considered as questionable, and worthy of the closest examination.

For the reasons stated, we are of the opinion, that the questions presented could not properly arise on the trial, and therefore, no error was committed, as the enquiry, at that time, was wholly immaterial. We are further of opinion, that if the objection had been taken before the trial, and in order to prevent it, this would not have availed the prisoner, as the indictment was transmitted *enclosed in the same envelope, with the certificate of the proper clerk.* This was a substantial compliance with the rule of court. If the indictment had never been, in point of fact, *sealed up,* but was transmitted in any other way, it would not lose its character as a record, and could be received by the court to which the venue was changed, on evidence similar to that shown in this case; but as before remarked, the enquiry would be presented to the court, and not to the jury.

Let it be certified, that there is no error in the decision of the court, on the point referred.