## PORTER *v.* SIGLER.

Parole testimony is admissible to explain the inducement and circumstances of a record entry made by mutual consent, where such evidence has no tendency to contradict or vary the record.

Error, *to Henry District Court.*

*Hall* and *Mason,* for the plaintiff in error. .

*D. Rorer* and *J. W. Woods,* for the defendant.

*Opinion by* Greene, J.    This was an action in the district court against the indorser of a promissory note.    The record in a previous suit against the maker of the note was introduced, to show that a continuance had been granted by consent of parties, in order to affect the question of diligence.    The court in this case admitted parole proof to explain why the continuance was had "by consent," as stated in the record, by showing that the cause could not have been reached for trial at that term of the court.    This admission of parole proof was objected to, and is assigned as error ; upon the assumption that it would be contradicting and varying the record.    If the evidence offered could have such a bearing, the proceeding could not be otherwise regarded than erroneous.    But we cannot see how this rule of evidence can apply to the case before us, as the testimony steers clear of the principle.    It is, in no particular, incompatible with the record (14 John. R. 211) ; it neither adds to nor changes its legitimate construction.    It is corroborative of the fact that the continuance was granted by consent of parties ; and only collaterally explains the inducement and circumstances of the mutual arrangement.    The evidence was not to contradict, but to explain the record.    The question as to the sufficiency of the testimony to show due diligence in pursuing the maker, though adverted to by counsel, does not arise ; but it may not be improper to observe, we are clearly of the opinion that parole evidence could properly be introduced in such a case to establish that fact.    The following authorities show the propriety of admitting explanatory parole evidence under more questionable circumstances than are presented by this case.    *Barmore* v. *Jay,* 2 McCord, 371 ; *Olmstead* v. *Hoyt,* 4 Day, 436 ; *Cave* v. *Burns,* 6 Ala. 780 ; *Turney* v. *Goodman,* 1 Scam. 184 ; *Herrick* v. *Bean,* 2

---

Porter v. Sigler.

---

App. 51; *Chamberlain* v. *Dover*, 1 Shep. 466; *Trafton* v. *Rogers*, *ib.* 315; *Justice* v. *Justice*, 3 Iredell, 58; *Williams* v. *Ingell*, 21 Pick. 288; *The State* v. *Matthews*, 9 Port. 370; *Carmony* v. *Hoober*, 5 Barr, 305; *Dice* v. *Yarnel*, Morris, 241.

Judgment affirmed.

*Dissenting Opinion by* KINNEY, J. I regret that I am placed in a position which compels me to dissent in opinion from my brethren of the bench, in the decision which they have made in this case. If I entertained any doubts in relation to the conclusions to which I have come, and the principles of law which have led me to those conclusions, the confidence which I have in their superior legal abilities would induce me to agree with them in affirming the judgment.

The only question involved in the case is, was the testimony of Woods properly received by the court, to explain why a continuance was had by consent. The introduction of the testimony was objected to, the objection overruled, and the testimony allowed to go to the jury, to which a bill of exceptions was taken, which is the alleged error. It appears from the record that Porter was the holder and payee of a certain promissory note, calling for three hundred dollars signed by W. L. Tool. This note was assigned by Porter, on the 29th day of October, 1844, as follows: For value received, I assign the within to M. Sigler, with the understanding that it is not to be sued for twelve months. Upon the 16th day of March following suit was brought in the Louisa district court, by Sigler against Tool; and at the June term the parties appeared, and by consent the cause was continued. At the succeeding term judgment was obtained against Tool, and execution issued and returned; no property found.

Suit was then instituted against Porter, to charge him as assignor, and on the trial was the witness Woods introduced to show why the cause was continued by consent.

It is a principle of law, well settled, that due diligence must be used by the assignee of a negotiable instrument before he can succeed against the indorser.

Porter *v.* Sigler.

At the term of the court for judgment against Tool, the parties appeared, and continued the cause by consent.

It has been urged by counsel for defendant in error, that, for aught that appears of record, Porter himself might have consented to this continuance. To explain the fallacy of so violent a presumption, it is only necessary to inquire who were the parties to the suit. Were they strangers to the record? then, whose names do not appear as such? or were they those who were litigating the suit? to wit, Sigler as plaintiff, and Tool as defendant. Instead of being left to doubtful conjecture, or unreasonable presumption, we have the unerring certainty of the record, from which we learn who the parties were that consented to the continuance.

It appearing then of record that the cause was continued by consent of the parties, Sigler seeks to show, by parole, why he consented to the continuance, and thus to preserve or restore his remedy against Porter, as assignor. If the cause had been tried at the first term, and judgment obtained against Tool, it is not improbable that the money might have been made, and Porter thus relieved from his liability as assignor. As such, Porter certainly had a right to have the note prosecuted to final judgment at the earliest possible day; and unless Sigler shows a legal excuse for not using the diligence required by law, Porter, as assignor, could not be liable.

The question then recurs, was the testimony of Woods properly admitted to explain the record, by showing why the cause was continued? and did the court err in permitting Woods to swear that consent was given, because the parties thought the cause could not be tried at that term of the court?

I can come to no other conclusion than that the record could not be so explained. It speaks for itself. It was its own interpreter. It contained no ambiguity which required parole testimony to render it intelligible. It was his own record, introduced by himself in support of his action, which he seeks by parole to explain. To tolerate a practice of this kind, we must first discard and condemn all that sanctity with which the law has clothed a record evidence, imparting to it a verity

upon·which secondary evidence is not permitted to encroach. A practice so alarming and dangerous in its consequences, would not only, in my opinion, conflict with the well-established principles of law, but open a wide door for assignees to come into court and excuse themselves for not pursuing that diligence which the law so greatly requires for the interest and protection of assignors. Again, the witness does not swear that there was not time to try the cause, but merely because the parties believed at the time that the cause could not be reached. Thus making himself the judge in determining the amount of business that could be accomplished by the court; and the conclusion is made the basis by which to excuse himself for his own *laches* and neglect.

Without farther referring to the impropriety and manifest injustice of having parole testimony to explain record entries, I will only add, that if my position is not correct, I have the satisfaction of knowing, that as the majority of the court are against me, my opinion will be harmless, and work no injustice to the parties in future litigation.