# *Ex parte* Winston.

### *Application for Certiorari and Habeas Corpus.*

1. *Plea of not guilty; waiver of what defects.* — A plea of not guilty is an admission of the genuineness of the indictment and a waiver of irregularities in filing or presenting it.

2. *Objection by prisoner; what he is held to consent to or waive.* — Wherever the prisoner makes an objection, — whether well founded in law or not, — to an indictment, he must be held to consent to that action of the court which would have been proper if the objection was well founded.

3. *Same; what does not work an acquittal.* — If the court sustains the prisoner's objections, and, adopting the erroneous view of the law urged by the prisoner, holds a perfectly valid indictment insufficient, and for that reason enters a *nolle pros.* and discharges the jury, against his objection, after the trial has been entered on, he cannot complain, or afterwards set up the discharge as unauthorized and illegal, and a bar to any further prosecution.

4. *Habeas corpus.* — Whether *habeas corpus* is a proper remedy in such a case is not decided; but the court inclines to the opinion that it is not.

THIS was an application for *certiorari* and *habeas corpus*, based on the following facts: At the Fall term, 1874, of the

circuit court of Lowndes county, the petitioner was indicted for an assault with intent to murder. The indictment was returned into court, indorsed by the foreman of the grand jury, "a true bill," but the clerk failed to indorse it "filed," and date and sign the indorsement. R. C. § 4148. At the Spring term, 1875, the defendant appeared, pleaded "not guilty," and proceeded to trial before a jury. During the trial, the counsel for petitioner called the attention of the court to the fact that there was nothing to show that the indictment was presented in open court, or ordered to be filed, and that it did not appear to be filed ; the solicitor then moved to withdraw the case from the jury, which was done, "and the solicitor moves to enter a *nolle prosequi*, the defendant refusing to allow the amendment, and a *nolle prosequi* is entered in this cause." Leave was given the solicitor to appear before the next grand jury, and present a new indictment, and the petitioner required to give bail for his appearance to answer it. The petitioner objected to a discharge of the jury, and claimed a verdict of acquittal, which was refused. Failing to give bail, the petitioner remained in custody of the sheriff, and made application to the chancellor of the Southern Chancery Division for a discharge on *habeas corpus*, which, on a hearing, was refused. He now moves this court for a writ of *certiorari* to revise the action of the chancellor, and for a writ of *habeas corpus* to be discharged from imprisonment.

CLEMENTS & ENOCHS, for petitioner. — The want of an indorsement and filing of the indictment was waived by pleading to it. 33 Ala. 366. The discharge of the jury, upon this mistake of law, was without necessity and unauthorized. It works an acquittal. *Bell & Murry* v. *State*, 48 Ala. ; *Grogan* v. *The State*, 44 Ala. 9. *Habeas corpus* is the proper remedy. 30 Ala. 461 ; 19 Ala. 561 ; 44 Ala. 9.

BRICKELL, C. J. — It is not necessary to inquire whether at common law, or according to the practice observed in this State prior to the Code, any entry on the minutes of the court of the return and filing in court of an indictment was essential to its authenticity. The petitioner does not appear to have been in custody at the finding of the indictment, and the statute is positive in its inhibition of any entry on the minutes showing its finding. The only duty of the clerk in reference to it was that which pertains to every paper, regularly introduced into court as a part of its record, the indorsement "filed," dated, and signed, in authentication of it. This mere ministerial act of authentication may, as in all other cases, be performed at any time while the cause is *in fieri*, and it is *in*

*fieri* until final judgment is rendered. It is the indorsement on an indictment " A true bill," signed by the foreman of the grand jury, which " touches it principally and is the life of it." When that indorsement is made, and it is returned into court, it is a valid accusation, and no subsequent clerical omissions can render it invalid. *State* v. *Clarkson*, 3 Ala. 378 ; *Franklin* v. *State*, 28 Ala. 9. The court, when attention was called to the omission of the clerk to mark the indictment " filed," should have directed the indorsement made, and proceeded with the trial. The omission of the indorsement did not vitiate the indictment, as the court, the counsel for the petitioner, and the solicitor seemed to have concurred in supposing.

If objection could have been made because of the omission it came too late after the plea of not guilty, the empanelling a jury, and a trial of the facts had been entered upon. The only issue then involved was the guilt or innocence of the accused. All inquiries into the genuineness of the indictment were without this issue, and if introduced would only involve and embarrass the real issue. *State* v. *Matthews*, 9 Port. 370. When the defendant pleaded not guilty, and put himself on the country, the genuineness of the indictment, as an accusation emanating from the tribunal having authority to prefer it, properly introduced into the court having jurisdiction to pronounce final judgment on it, was admitted. The court could, and should have proceeded then without any inquiry into the want or sufficiency of the clerk's authentication of the indictment. *State* v. *Clarkson*, 3 Ala. 378 ; *Russell* v. *State*, 33 Ala. 366 ; *Mose* v. *State*, 35 Ala. 421. There was no necessity that a *nolle prosequi* should be entered and the defendant held to answer a new indictment, and the court erred in consenting to its entry.

The error was, however, superinduced by the defendant. It was his suggestion that produced it, and his failure and refusal to permit an amendment by the making of the indorsement, when the attention of the court was called to its omission. Of such an error he cannot be permitted to avail himself. If the defendant's suggestion had been of any force, — if the omission of the clerk to make the proper indorsement had affected the validity of the indictment, and he had been in condition to avail himself of the objection, — then, he was not in jeopardy. The defectiveness of the indictment would have vitiated any judgment of conviction rendered on it, and such judgment he could have reversed on error. His suggestion involved the assertion that he was not in jeopardy, for an indictment so defective as not to warrant a judgment of conviction does not place a defendant in jeopardy. 1 Whar. Am. Cr. Law, § 587 ; 1 Bish. Cr. Law, § 663. The court accepted

[Webb *v.* State.]

the suggestion as well founded in law, and sincerely made. Into error the defendant invited the court, and refused to consent that the defect in the indictment should be amended and the trial proceed. He objected to the discharge of the jury, and claimed a verdict of acquittal. If his suggestion had been well founded, there was no alternative but a discharge of the jury, for there was nothing for them to try, and they could not render a verdict of acquittal, for there was no accusation of which to acquit the defendant. When the defendant suggested that the indictment was not genuine, — that it did not bear the evidence of authenticity which it should bear, and induced the court to act on the suggestion, — he must be deemed as consenting to the action of the court, which would have been right and proper if the objection had been well taken. No party, whether in a criminal or a civil proceeding, can invite the court into error, and subsequently take advantage of the error. The maxim "*Consensus tollit errorem*" then applies in full force.

If the petitioner had been in jeopardy and had been entitled to a discharge from further prosecution, we do not wish to be understood as recognizing *habeas corpus* as his proper remedy. A plea to a new indictment, if one should be preferred, we are inclined to think the only available remedy. It is not necessary, however, now to decide this question. See 1 Bish. Cr. Pr. § 587 ; *Wright* v. *State*, 7 Ind. 324 ; *Ex parte Ruthven*, 17 Mo. 541.          The application is overruled.