# Banks *v.* The State.

### *Murder.*

(Decided June 30, 1915.   69 South. 242.)

1. *Indictment and Information; Endorsement.*—An indictment must be endorsed "a true bill" and signed by the foreman, as required by section 7300, Code 1907, and a conviction on an indictment not so endorsed and signed cannot be sustained.

2. *Venue; Change.*—Although the indictment was returned to the circuit court at a time when the law required the consent of defendant to transfer it to the law and equity court, yet where the trial was had subsequently to the Act of February 11, 1915, which transferred all cases from the circuit to the law and equity court, the defendant cannot complain that the prosecution was transferred without his consent.

3. *Appeal and Error; Review; Method of Presentation.*—Where the motion to quash the special venire did not appear in the bill of exceptions, and it was not shown that any ruling was invoked thereon, that matter is not presented to the appellate court for review.

4. *Jury; Special Venire; Issuance.*—The clerk of the law and equity court of Marengo county had authority to issue a special venire, since Local Laws 1909, p. 242, declares that the circuit clerk of said court shall be clerk of the law and equity court of the county, and shall exercise all the powers of the circuit clerk.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

William Banks was convicted of murder in the second degree and he appeals.   Reversed and remanded.

GEORGE PEGRAM, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

THOMAS, J.— (1) Section 7300 of the Code provides, among other things, that when an indictment is found it must be indorsed "a true bill" and the indorsement signed by the foreman of the grand jury. The record here failing to show that the indictment upon which defendant was tried contains such an indorsement signed by the foreman of the grand jury, the judgment of conviction must be reversed.—*Whitley v. State,* 166 Ala. 43, 52 South. 203; *Bilbo v. State,* 1 Ala. App. 74, 55 South. 937; *Smiley v. State,* 11 Ala. App. 67, 65 South. 916.

(2) The contention that, because the indictment was returned in the circuit court, the law and equity court of Marengo county, before which defendant was tried, had no authority to try defendant unless defendant had consented to a transfer of the case from the former to the latter court, as provided for by sections 19 and 38 of the local act creating said law and equity court (Local Acts 1909, p. 339), is without merit, since these provisions of those sections were superseded before the trial, which was had on March 26, 1915, by the provisions of another local act which was approved on February 11, 1915, and which upon approval went into immediate operation by its express terms, and which provided, among other things, that: "All causes pending in the circuit court of Marengo county are hereby transferred to the law and equity court of Marengo county, which law and equity court is hereby clothed with full and complete jurisdiction to try and determine said causes in all respects as fully as said circuit court of Marengo county had before said transfer."—Local Act Feb. 11, 1915.

Hence defendant's consent to the transfer was not necessary to give the Marengo law and equity court jurisdiction, as he was tried there, as seen, after the last-mentioned act was approved and was in operation and in effect.

[Moton v. The State.]

(3) There appears in the record proper what purports to be a motion to quash the special venire served on defendant. The motion, however, does not appear in the bill of exceptions. Nor does the record show anywhere that any ruling of the court was ever invoked or had on the motion; hence it presents no question for review.

(4) However. we may say in passing that if the question intended to be presented was that discussed by counsel on the submission here as to the authority of the clerk to act in issuing the venire, we are of opinion it is without merit. Local Acts 1909, p. 339, § 6; Local Act March 17, 1915, § 1.

We find no error in the record other than that before pointed out, for which the judgment is reversed, and the cause remanded.

Reversed and remanded.