(86 South. 175)

McMULLEN v. STATE.　(8 Div. 717.)

(Court of Appeals of Alabama.　June 15, 1920.)

1. INDICTMENT AND INFORMATION ⬦⇒34(2)—
   INDICTMENT MUST BEAR INDORSEMENT THAT IT IS A TRUE BILL, ETC.

   Record must disclose an indictment that it is the finding of the grand jury, duly organized in the mode prescribed by law, and by them returned into and accepted by the court, and it is necessary for its proper authentication that it should bear the indorsement "true bill," which indorsement must bear the signature of the foreman of the grand jury, and it must be presented into open court in the presence of at least 12 grand jurors including the foreman, and must be indorsed "Filed," and the indorsement dated and signed by the clerk of the court, under Code 1907, §§ 7300, 7152.

2. INDICTMENT AND INFORMATION ⬦⇒34(1)—
   INDORSEMENTS LEGAL EVIDENCE OF FINDING AND RETURN OF GRAND JURY.

   When the indorsements required by Code 1907, §§ 7300, 7152, are made on an indictment, it is legal evidence of the finding and return of the grand jury.

---

⬦⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. INDICTMENT AND INFORMATION ⬅87(8)—
INDICTMENT FOR MANUFACTURING LIQUOR
UNDER RECENT STATUTE VOID FOR UNCER-
TAINTY IN NOT STATING DATE OF OFFENSE.

An indictment for manufacturing prohib-
ited liquors was void for uncertainty, where it
did not show whether the offense was commit-
ted before or after January 25, 1919, the date
upon which the Bone Dry Act became opera-
tive, the crime being a misdemeanor before
such date and a felony after such date.

Appeal from Circuit Court, Lauderdale
County; C. P. Almon, Judge.

Memory McMullen was convicted of manu-
facturing prohibited liquors, and he appeals.
Reversed and remanded.

Simpson & Simpson, of Florence, for ap-
pellant.

Counsel discuss errors insisted upon, rela-
tive to the admission and exclusion of evi-
dence, but do not brief the subject discussed
in the opinion.

J. Q. Smith, Atty. Gen., and Lamar Field,
Asst. Atty. Gen., for the State.

Counsel for the state admit the invalidity
of the indictment, but suggest that the cause
be reversed, and the defendant held until
discharged by due process of law.

BRICKEN, P. J. The indictment does not
show authentication as provided by Code
1907, § 7300, which reads:

"The concurrence of at least twelve grand
jurors is necessary to find an indictment; and
when so found it must be indorsed 'a true bill,'
and the indorsement signed by the foreman."

[1, 2] The indictment, under the laws of
this state, is an indispensable constituent of
the record; and before a defendant can be
arraigned and put on his trial for a felony,
the record must disclose an indictment that
it is the finding of a grand jury, duly organ-
ized in the mode prescribed by law, and by
them returned into and accepted by the
court, and it is necessary for its proper au-
thentication that it shall bear the indorse-
ment "A true bill," which indorsement must
bear the signature of the foreman of the
grand jury, and it must be presented into
open court in the presence of at least 12
grand jurors, including the foreman, and
must be indorsed "filed," and the indorse-
ment dated and signed by the clerk of the
court. Code 1907, §§ 7300, 7152. When these
indorsements are made, it is legal evidence
of the finding and return of the grand jury.
Wilson v. State, 128 Ala. 17, 29 South. 569.
In the instant case, the indictment does not
bear the necessary indorsement, "A true
bill;" hence there was no proper authenti-
cation thereof.

[3] The purported indictment contained in
this record is void for another reason. The
defendant was indicted under section 15 of
the act approved January 25, 1919 (Acts
1919, p. 16), for the suppression of intemper-
ance, etc., the act being known generally as
the "Weakley Bone Dry Law."

The indictment contained only one count,
and is as follows:

"The grand jury of said county charge that,
before the filing of this indictment Robert
Rinks and Memory McMullen made or manu-
factured, or was engaged in making or manu-
facturing, spirituous, vinous, or malt liquors
contrary to law, against the peace and dignity
of the state of Alabama."

The words "before the filing," instead of
"before the finding," of this indictment,
might be treated as a clerical misprision.
The indictment was void for uncertainty in
not stating either the time of the commis-
sion of the alleged offense, or that it was
committed since the adoption and approval
of the act, to wit, January 25, 1919, the
date upon which the act became operative
under its terms.

The identical question appeared in the
case of Burrell Howard v. State (April 13,
1920) ante, p. 464. 86 South. 172. In that
case this court said:

"Prior to the enactment of the so-called bone
dry law it was unlawful to make or manufac-
ture any of the liquors designated in section 1
of said act, which includes almost every known
alcoholic or intoxicating liquors or beverages,
and to do so was declared to be a misdemeanor,
punishable by fine, or hard labor for the coun-
ty in which the offense was committed, or by
imprisonment in the county jail, one or both.
The later act, approved January 25, 1919, was
in effect an amendment to the former statute,
and changed the offense from that of a misde-
meanor to a felony, the punishment under the
last statute being confinement at hard labor in
the penitentiary for not less than one year or
longer than five years, to be fixed within those
limits by the court or judge trying the case.
It thus appears that while the offense of mak-
ing or manufacturing prohibited liquors under
the statute in existence prior to January 25,
1919, was a misdemeanor, it was made a felony
to do so on and after that date. Therefore
during the period covered by this indictment the
offense charged here was both a misdemeanor
and a felony, resulting in the fact that time
became a material ingredient of this offense.
This being true, under the statute and the uni-
versal decisions of this court and of the Su-
preme Court, it became necessary for the in-
dictment to aver the time when the offense
complained of was committed. Code 1907, §
7139; Miller v. State, 16 Ala. App. 534, 79
South. 314; Bibb v. State, 83 Ala. 84, 3 South.
711. An indictment under section 15 of the
'bone dry law' (Acts 1919, p. 16), for the of-
fense of distilling, making or manufacturing al-
coholic or other prohibited liquors or bever-
ages, should either aver the date of the com-
mission of the offense (which date must appear

to have been subsequent to the date of the passage and approval of the act), or that said offense was committed before the finding of the indictment and after (or since) the 25th day of January, 1919. Authorities. supra.

"The indictment here does not contain this necessary, material averment, for it does not show whether the offense was committed before the act of January 25, 1919, was passed and approved, in which event the offense would have been a misdemeanor, or afterwards, which would have made it a felony, resulting, therefore, that it does not make it appear whether the accusation brought against the defendant is a misdemeanor or a felony. This allegation is essential to a valid indictment and the reason therefor is clearly apparent. The accused has the constitutional right to 'demand the nature and cause of the accusation against him, and to have a copy thereof.' Const. 1901, art. 1, § 6. 'The indictment is the written accusation in the prescribed constitutional form,' and when, as here, the indictment on its face is so ambiguous, vague, and uncertain as not to show whether it charges a misdemeanor or a felony, it must be held to be void for uncertainty, and insufficient upon which to predicate a judgment of guilt, or sentence of the accused thereunder. To illustrate the fatal uncertainty of the indictment here under consideration: If the defendant should enter a plea of guilty to this indictment, or if the jury, as was done in the case at bar, should find him guilty 'as charged,' how could the court look at the record and know what judgment to pronounce—whether to refer the verdict to the misdemeanor charged in the indictment, or to the felony also charged in the indictment—the indictment here charging as it does both offenses; how and by what authority could the court sentence the defendant under the statute of 1916 (Acts 1915, p. 1) or the later statute of 1919? For these reasons we are of the opinion that the indictment in this case is so vague, uncertain, and ambiguous, it is therefore fatally defective, and as a result will not support the judgment of conviction rendered thereon. Wilson v. State [supra]; Bibb v. State [supra]; Shelton v. State, 1 Stew. & Porter, 208; McIntyre v. State, 55 Ala. 167; Dentler v. State, 112 Ala. 70, 20 South. 592; State v. Wise, 66 N. C. 120."

For the errors pointed out, the judgment rendered in this case is reversed, and the cause remanded.

Reversed and remanded.