## DUNN v. STATE. (5 Div. 408.)

(Court of Appeals of Alabama. Dec. 19, 1922.)

**Indictment and information &cmark;34(2)—Indictment not indorsed a true bill will not sustain a conviction.**

Where the indictment does not contain the indorsement of "a true bill" signed by the foreman as required by Code 1907, § 7300, it is insufficient to sustain a conviction.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Henry Dunn was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

John A. Darden, of Goodwater, for appellant.

Counsel argues the several errors assigned, but in view of the decision of the court it is unnecessary to here set them out.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel argue questions other than that upon which the case was decided, and it is not necessary to set out the brief.

---

BRICKEN, P. J. The indictment contained, in this record fails to show a compliance with the mandatory provisions of section 7300 of the Code 1907, which provides that, in order to find a legal indictment against a person in this state, the concurrence of at least twelve grand jurors is necessary, and, when so found, it must be indorsed "a true bill," and the indorsement signed by the foreman. The indictment here contains no such indorsement and is in consequence not a valid indictment and will not support a conviction. This identical question has been so decided in numerous decisions of this court and of the Supreme Court. Hanners v. State, 17 Ala. App. 597, 88 South. 55; McMullen v. State, 17 Ala. App. 504, 86 South. 175; Whitley v. State, 166 Ala. 42, 52 South. 203; Mose v. State, 35 Ala. 425. See also cases cited in Hanners v. State, supra.

On the trial of this cause numerous exceptions were reserved to the rulings of the court; but as the indictment contained in the record is invalid, for the reasons above stated, there is no necessity to consider the several questions presented.

Reversed and remanded.