(109 So. 371)

### HONEYCUTT v. STATE.   (7 Div. 217.)

(Court of Appeals of Alabama.   June 29, 1926.)

**Indictment and information** ⊛⟾34(2).

Indictment not indorsed "a true bill" *held* invalid, and will not support conviction, in view of mandatory provisions of Code 1923, § 8682.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

A. R. Honeycutt was convicted of possessing still, and he appeals. Reversed and remanded.

Longshore & Longshore, of Columbiana, for appellant.

In view of the decision, it is not necessary that brief be here set out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J.   Section 8682 of the Code 1923 provides:

"The concurrence of at least twelve grand jurors is necessary to find an indictment; and when so found it must be indorsed 'A true bill,' and the indorsement signed by the foreman."

The purported indictment contained in this record fails to show a compliance with the mandatory requirement of the statute, supra. There is no indorsement "A true bill" on the indictment. That the indorsement is necessary to a proper authentication of the indictment, and that the requirement of the statute is mandatory, has been held in many decisions of this court and the Supreme Court. Citation of a few of these cases will suffice. Ex parte Winston, 52 Ala. 419; Hanners v. State, 17 Ala. App. 597, 88 So. 55; McMullen v. State, 17 Ala. App. 504, 86 So. 175; Whitley v. State, 166 Ala. 42, 52 So. 203; Mose v. State, 35 Ala. 425; Dunn v. State, 19 Ala. App. 64, 94 So. 786. In Ex parte Winston, supra, Brickell, C. J., for the court said:

"It is the indorsement on an indictment, 'A true bill,' signed by the foreman of the grand jury, which 'touches it principally and is the life of it.' When that indorsement is made, and it is returned into court, it is a valid accusation."

The indictment contained in this record is invalid and will not support a judgment of conviction, and for this reason the judgment must be reversed and the cause remanded.

There are, however, numerous errors of a reversible nature in the rulings of the court upon the admission of the evidence. Said rulings are in direct conflict with the decisions of this court as announced in Veal v. State, 19 Ala. App. 168, 95 So. 783; Childers v. State, 18 Ala. App. 396, 92 So. 512; Hill v. State, 20 Ala. App. 197, 101 So. 298, 300.

Reversed and remanded.