(121 So. 451)
## COLLINS v. STATE. (7 Div. 499.)

Court of Appeals of Alabama. April 2, 1929.

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The second count of the indictment, upon which this appellant was convicted, charged the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. From the judgment of conviction defendant appealed.

The appeal here is upon the record proper only; there is no bill of exceptions in the transcript.

It is first insisted that the record fails to properly show the organization of the court, in that the caption is indefinite and insufficient. The caption complained of reads as follows: "*At a regular term of the Circuit Court of Calhoun County*, Alabama, at which the officers authorized by law to hold or serve such court were serving, the following proceedings were had in the cause styled: *The State of Alabama v. Lonnie Collins.*" As this indorsement or "caption" is framed *in strict compliance* with Supreme Court Rule 32, we are at a loss to understand the strenuous insistence of appellant's counsel, in brief, that it is insufficient. There was no question against the organization of the court, nor of the lawful power of the court to try this case, and where no such question is involved, it is expressly provided by Rule 26 that the caption here shown is sufficient.

It is next insisted that the indictment is incomplete and the requirements of law pertaining thereto are not shown to have been complied with. This insistence is equally without merit. The indictment is properly authenticated by the following indorsement: "*A true bill, S. J. Hall, Foreman Grand Jury.*" Its filing is properly shown by the indorsement. "Filed in open court this January 12th, 1928. A. H. Shepperd, Clerk." Sup. Ct. Rule; Mose v. State, 35 Ala. 421; McKee v. State, 82 Ala. 32, 2 So. 451; McMullen v. State, 17 Ala. App. 504, 86 So. 175.

The record before us meets every legal requirement. It is regular upon its face.

There is no merit whatever in the further insistence that, "the judgment of the court, following the verdict, is deficient and void for uncertainty." The judgment contains all requisite averments and is in conformity to the rules and law upon this question.

Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.