(124. So. 406)

### LAYTON v. STATE. (7 Div. 558.)

Court of Appeals of Alabama.   Nov. 5, 1929.

See, also, 22 Ala. App. 523, 117 So. 610.

Frank B. Embry, of Pell City, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. Assignment of errors in a criminal case, on appeal, is permissible, but not essential to review and revise points of decision involved. The statute expressly provides that in all cases (criminal) taken to the Supreme Court, or this court, no assignment of errors or joinder in errors is necessary; and this statute (section 3258, Code 1923) places the duty upon these courts to consider all questions apparent on the record, or reserved by bill of exceptions, and to render such judgment as the law demands.

Upon this appeal we can go no further than the record proper, because of the noncompliance with section 8682 of the 1923 Code relating to the indictment. That section provides: "The concurrence of at least twelve grand jurors is necessary to find an indictment; and when so found it must be indorsed 'A true bill,' and the indorsement signed by the foreman."

The purported indictment contained in this record contains no indorsement of any character affecting its authentication. It is not indorsed "A true bill," nor is it signed by the foreman of the grand jury.

The requirement of the statute, supra, is mandatory and has been so held in numerous decisions of this court and the Supreme Court. Ex parte Winston, 52 Ala. 419; Hanners v. State, 17 Ala. App. 597, 88 So. 55; McMullen v. State, 17 Ala. App. 504, 86 So. 175; Whitley v. State, 166 Ala. 42, 52 So. 203; Mose v. State, 35 Ala. 425; Dunn v. State, 19 Ala. App. 64, 94 So. 786. In Ex parte Winston, supra, Chief Justice Brickell, for the court, said: "It is the indorsement on an indictment 'A true bill,' signed by the foreman of the grand jury, which 'touches it principally and is the life of it.' When that endorsement is made, and it is returned into court, it is a valid accusation."

Under the decisions cited, and there are numerous other like decisions, the indictment contained in this record is invalid, for the reasons stated, and will not support a judgment of conviction. It follows therefore that the judgment must be reversed, and the cause remanded. Honeycutt v. State, 21 Ala. App. 464, 109 So. 371.

Reversed and remanded.