147 So. 205

## MALONE v. STATE.

### 8 Div. 619.

Court of Appeals of Alabama.
March 28, 1933.

H. D. Jones and Fred S. Parnell, both of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The indictment charged this appellant, defendant below, with the offense of violating the prohibition law by having whisky in her possession. Upon arraignment the accused interposed a plea of not guilty and upon the issue thus formed the case was tried resulting in the conviction of defendant by the jury who returned a verdict assessing a fine of $50. The defendant having failed to pay said fine or confess judgment, the court sentenced her, as the law requires, to hard labor for the county and also to additional punishment at hard labor for sixty days. From the judgment of conviction pronounced and entered this appeal was taken.

The evidence adduced upon the trial was in sharp conflict. That for the state tended to make out the state's case as the witnesses testified that a bottle of whisky was in the actual possession of defendant, and that witness Romine took it away from her. The purported bottle of whisky was introduced in evidence. The accused denied that she had the whisky in her possession and stated she never saw the bottle until she arrived at the city hall with the officers who had placed her under arrest. From the foregoing it is very clear that there was no error in refusing charge A, which was the affirmative charge, to defendant.

Refused charge B was abstract, hence properly refused.

The sole exception to the court's ruling upon the admission of testimony is without merit, the matter involved being within the discretion of the court. But if this were not true, no injury resulted to substantial rights of the defendant by the admission of the testimony to which objection was interposed.

Counsel for appellant insist that there is no proper authentication of the indictment, shown by the record, in that the mandatory provisions of section 8682 of the Code 1923 were not complied with. Upon investigation we find that the indictment in the record in this case bears the following indorsements: (1). "A True Bill: L. K. Hammond Foreman of the Grand Jury." (2). "Presented to the Court by the Foreman of the Grand Jury in the presence of —— other Grand Jurors. Filed April 11, 1931. E. L. McConnell, Clerk."

In support of this insistence appellant cites several decisions of this court. In each of these cited cases, however, there was no indorsement "A true bill," signed by the foreman of the grand jury; nor was there indorsement by the clerk of the court to show the filing of the indictment in open court. This latter indorsement (by the clerk) is ministerial only, and not essential to the validity of the indictment. In Winston's Case, 52 Ala. 419, the court said: "The only duty of the clerk in reference to it [indictment] was that which pertains to every paper, regularly introduced into court as a part of its record, the indorsement 'filed,' dated, and signed, in authentication of it. This mere ministeri-

al act of authentication may, as in all other cases, be performed at any time while the cause is in fieri * * * until final judgment is rendered."

It is the indorsement on an indictment "A true bill," signed, by the foreman of the grand jury, which gives life to it. When that indorsement is made, and it is returned into court, it is a valid accusation, and no subsequent clerical omissions can render it invalid. Mose v. State, 35 Ala. 421.

The indorsement on the indictment in this case, above quoted, met every requirement of the statute and, as stated, the omission of the clerk in failing to set out the number of the grand jury returning the indictment in no way affects the validity of the indictment.

There appears no error upon the record. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.