159 So. 271

### SANFORD v. STATE.
### 7 Div. 74.

Court of Appeals of Alabama.
Feb. 5, 1935.

J. T. Webb, E. L. Roberts, and McCord & McCord, all of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From the judgment entry in this case we ascertain that this appellant was tried and convicted, on the 6th day of February, 1934, for the offense of murder in the second degree, and his punishment was fixed by the jury at twelve years' imprisonment; whereupon, the court sentenced him to serve twelve years' imprisonment in the penitentiary. From the judgment of conviction this appeal was taken.

This appeal was taken under the provisions of chapter 74 of the Code of Alabama 1923 (section 3234 et seq.); and in cases of this character the duty devolves upon this court to consider all questions apparent on the record, or reserved by bill of exceptions. Section 3258, Code 1923. Having performed this duty, so far as the record is concerned, we must, and do, hold that the purported indictment in this case is insufficient to sustain a conviction for lack of authentication. The purported indictment contained in this record fails to show a compliance with the mandatory requirement of the statute, which provides: "The concurrence of at least twelve grand jurors is necessary to find an indictment; and when so found it must be indorsed 'a true bill,' and the indorsement signed by the foreman." On this indictment no such indorsement appears. It is therefore invalid and, as stated, will not support a judgment of conviction. Section 8682, Code of Alabama 1923; Ex parte Winston, 52 Ala. 419; Hanners v. State, 17 Ala. App. 597, 88 So. 55; McMullen v. State, 17 Ala. App. 504, 86 So. 175; Whitley v. State, 166 Ala. 42, 52 So. 203; Mose v. State, 35 Ala. 425; Dunn v. State, 19 Ala. App. 64, 94 So. 786; Bilbo v. State, 1 Ala. App. 74, 55 So. 927; Banks v. State, 13 Ala. App. 41, 69 So. 242; Honeycutt v. State, 21 Ala. App. 464, 109 So. 371.

The foregoing is conclusive of this appeal. The judgment must be and is reversed.

Upon the submission of this case in this court, counsel for the appellant argued numerous insistences of error, but we need not consider these points of decision in view of what has been said. We have examined these questions, however, and find several of the rulings complained of to be infected with error.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.