# Walker *v.* The State.

## *Indictment for Murder.*

| 142 | 7 |
| f142 | 42 |
| f142 | 43 |
| 142 | 47 |

1. *Constitutional law; act creating 14th Judicial Circuit local law and unconstitutional.*—The act of the Legislature, approved March 6, 1903, "to create the 14th Judicial Circuit of the State of Alabama, and fix the time of holding court therein," etc., (Acts 1903, p. 88), is a local law within the meaning of section 110 of the Constitution of 1901; and notice of an intention to apply to the Legislature for the passage of such law not having been given as provided by section 106 of the Constitution, such law is unconstitutional and void.

2. *Trial and its incidents; when judgment of conviction void.* Where the trial of a criminal case is had at a time not authorized by law for the holding of the circuit court trying said case, the judgment of conviction rendered in such case is void, and will not support an appeal.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. James J. Ray.

The appellant in this case, Henry Walker, was indicted and tried for murder, was convicted for murder in the first degree, and sentenced to be hanged. The facts of the case necessary to an understanding of the decision upon the present appeal are sufficiently stated in the opinion.

L. D. Gray, for Appellant.—The Act creating the Fourteenth Judicial Circuit was a local law, and not passed as required by the Constitution.—*Holt v. Mayor*

*and Aldermen of Birmingham,* 111 Ala. 369; *State v. Algood,* 87 Tenn. 164.

MASSEY WILSON, Attorney-General, and J. H. BANK-HEAD, JR., for the State.—The fact that the act creating the 14th Circuit is merely in effect an act further dividing the State into convenient circuits, or redistricting the circuits, is conclusive that it does not apply to a political subdivision less than the whole. The Circuit Court is an integral part of the judicial power of the State, and a division of it into convenient circuits as directed by the Constitution, whether by an act covering all the counties of the State at once, or by dividing existing circuits so as to make others, relating as it does to an integral part of the judicial power of the whole State, applies to the whole State. The purpose of the restrictions thrown around the passage of local bills was to retard and prevent their passage. The Legislature, by the passage of the 14th Circuit Act, declared that one more circuit was necessary to carry out the direction to divide the State into convenient circuits.

A law is not local that operates upon a subject in which the people at large are interested.—*Healey v. Dudley,* 5th Lans. 115.

A proper distinction must be drawn between a subject of legislation, as the term is used in the above case, and a matter or thing locally situated as used in our Constitution. While this distinction has not been specifically pointed out, the Supreme Court of several States, have, by their decisions, in effect drawn it.

The Supreme Court of Louisiana, in the case of *State v. Dalan,* 35 La. Ann. 1141, held that an act establishing Criminal District Court for New Orleans is a general law. An act creating criminal circuit court of Jefferson County, Indiana, was held not in contravention of the constitutional prohibition against special legislation.—*Eitel v. State,* 33 Ind. 201.

A law is neither local or special which results directly or indirectly from a specific constitutional requirement. *State ex rel. Berry v. Shields,* 4 Mo. App. 259; *State ex rel. —— v. Yancey,* 123 Mo. 401.

[Walker v. The State.]

An act to require Judges of the 16th and 31st Circuits to hold court for each other is not special legislation, because the Constitution provides that circuit judges may hold court for each other when required by law. *Toll v. Jerome*, 101 Mich. 468; *State ex rel. Banham v. Yancey*, 123 Mo. 391; *State ex rel. Aull v. Field*, 119 Mo. 593.

While the impression exists in some quarters that no local bill can be passed without notice as required by section 106 of the Constitution, the Supreme Court to avoid numerous absurd positions in carrying out other provisions of the Constitution, and in accordance with the construction of similar constitutions of other states, must adopt a different rule. In order to give effect to all of the provisions of the Constitution and permit the Legislature to do the things directed by the Constitution, exceptions must be made to the general rule. A proper construction of other clauses in the Constitution make exceptions to the rule.

The Supreme Court of Louisiana, in the case of *Excelsin Planting and M'f'g. Co.*, 39 La.. Ann. 455, held that where the Constitution has in express terms conferred on the general assembly the duty, or even power, to adopt legislation on a particular subject, even though local in character, such duty and power are not subject to the restrictions imposed by the article requiring notice; and cite the following cases in support of the proposition:— *Tax Payers Asso. v. City of New Orleans*, 33 La. Ann. 569; *Davidson v. Houston*, 35 La. Ann. 492: *State v. Dalan*, 35 La. Ann. 1142.

DOWDELL, J.—Upon the authority of the case of *The State of Alabama ex rel. The Attorney-General v. T. Scott Sayre, Judge, etc.*, rendered at this term of the court, opinion in MS., the Act of the Legislature, approved March 6th, 1903, creating the 14th judicial circuit to be composed of the counties of Walker and Winston, must be declared void as being violative of the Constitution in its enactment.

The Act in question, however, did not purport to create a circuit court of Walker county, for such a court al-

ready existed under the law, but an appointment of a presiding judge for such court was provided for in section two of said Act, and under the provision of said section the Hon. J. J. Ray was appointed by the Governor to that office.

By this state of the case it will be seen that we have a legally constituted court presided over by one not a *de jure* judge.

Thus the question is presented as to the validity of judgments and proceedings of a court when presided over by one who has no legal right or title to the office of judge.

Under the facts of the case, there can be no doubt but that the Hon. J. J. Ray, when presiding over the circuit court, was a judge *de facto*.

The proposition of law is well settled by adjudications not only of this court, but courts of other jurisdictions that the proceedings and judgments of a court presided over by a *de facto* officer are not void.—*Masterson v. Matthews,* 60 Ala. 260 ;*Roberts v. State,* 126 Ala. 74; *Norton v. Shelby County,* 118 U. S. 425 ;*Gorman v. People,* 17 Col. 596; S. C. 31 Am. St. Rep. 350, and see authorities collated in *Roberts v. State, supra,* on page 78.

It appears from the record in this case, that the court at which the defendant was indicted was organized on Monday, the 4th day of January, 1904, and it further appears that the indictment was returned into court on the 10th day of February, 1904, and on that day the defendant was arraigned and a future day set for the trial of his cause. And on the 17th day of February, 1904, the cause was tried and a judgment of conviction rendered.

By an Act approved September 28th, 1903, Entitled An Act "To fix a time of holding courts in the 14th judicial circuit of Alabama," page 391, Local Acts, session 1903, it was provided as follows in section 1 of said Act: "In the county of Walker the court shall be held as follows: The first term shall begin the first Monday in January and may continue until the 30th day of June, except the two weeks beginning the third Monday in March. The second term of the circuit court in Walker county, shall begin the first Monday in October and

may continue until the end of the week which begins with the second Monday in December."

It is manifest that the term of the court at which the defendant was indicted and tried was convened under the provisions of said Act. The striking down of the Act approved March the 6th, 1903, creating the 14th judicial circuit involves the validity of the Act of the 28th of September, 1903.

Section 45 of the Constitution provides, that "each law shall contain but one subject, which shall be clearly expressed in its title," etc. At the time of the passage of said Act, there was no 14th judicial circuit of Alabama, and the time for holding the circuit court in Walker county is not expressed in the title. The provision in the body of the Act fixing the time for holding the circuit court in Walker county is a subject not expressed in the title of the Act, the Act, therefore, in so far as it relates to fixing the time for holding the circuit court is violative of said section of the Constitution, and it necessarily follows that the same must be declared void.

We must, therefore, look elsewhere to ascertain the time fixed by law for holding the circuit court in Walker county, and the only law upon the subject is embraced in § 908 of the Code, which fixes the time for holding the circuit court in the 10th judicial circuit, of which circuit the county of Walker is a part. From an inspection of this section of the Code it will be seen that the indictment in this case was found, and the defendant was arraigned, and a day set for a trial at a time different from that fixed by law for the holding of the court, and therefore, at a time not authorized by law. This being the case it follows that the indictment was void as well as the arraignment, and the order setting the day for trial; and this *is so* whether the judge presiding be an officer *de jure* or *de facto,* and for this reason the judgment of conviction was erroneous, and which error necessarily works a reversal of the case. The judgment is, therefore, reversed and the cause will be remanded to the end that the circuit court may quash the indictment, and hold the defendant to answer a new indictment.

The defendant will remain in custody until discharged according to law.

Reversed and remanded.

MCCLELLAN, C. J., HARALSON, TYSON, SIMPSON, AN-
DERSON and DENSON, J. J., concurring.

Since writing the foregoing opinion, our attention has
been called to an Act approved December 13th, 1900,
Session Acts 1900-1901, page 646, in which the time for
holding the courts in the 10th judicial circuit are chang-
ed from the times as fixed by § 908 of the Code. From
this it appears that the trial in the foregoing case was
had at a time not authorized by law for the holding of
the circuit court of Walker county. The judgment of
conviction was therefore, void, and there is nothing to
support the appeal. The judgment of reversal rendered
by this court at a former day of this term, must, there-
fore, be set aside, and a judgment will be now rendered
dismissing the appeal.

MCCLELLAN, C. J., HARALSON, TYSON, SIMPSON, AN-
DERSON and DENSON, J. J., concurring.