# Smiley *v.* The State.

### *Murder.*

(Decided June 30, 1914.   65 South. 916.)

1. *Indictment and Information; Service on Defendant.*—Where the indictment served upon the defendant in pursuance of an order of court made in conformity with the provisions of section 32, Acts 1909, p. 317, showed a variance, in that the original indictment was found at one term of the court, and it appeared from the copy that it was found at a different term of the court, and the court on motion of defendant set aside the service, but without any additional order of the court another copy of said indictment was served upon defendant in the afternoon of the day in which the motion to set aside the service was granted, which was seven days after the original order requiring such service, and after the case had been called for trial, and the court required defendant to proceed with the trial at nine o'clock on the following morning, such latter service was not in compliance with any order, or with the former order, and was void.

2. *Same; Validity.*—Where the record failed to show that the indictment was legally and regularly returned into court, and it did not appear that the indictment had been endorsed "a true bill," nor to have been signed by the foreman of the grand jury, as required by section 7300, Code 1907, such indictment was not sufficient to sustain a conviction.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

John Wesley Smiley was convicted of murder in the second degree and he appeals.   Reversed and remanded.

PARTRIDGE & HOBBS, for appellant.   The variance was a material variance, and the court properly set aside the

original service.—*Nutt v. State,* 63 Ala. 180. The subsequent service was not a compliance with the order of the court as originally made, nor with any other order, and was consequently void.—*Acts* 1909, p. 317; *Nutt v. State, supra; Haisten v. State,* 5 Ala. App. 1; *Welsh v. State,* 1 Ala. App. 144. The indictment itself was not sufficient to support a conviction as the record fails to show the proper endorsements thereon.—Sec. 7300, Code 1907.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, J.—The judgment entry shows that the defendant's motion to set aside the service of a copy of the indictment on the defendant, served in pursuance of the requirements of an order of the court made in conformity to the provisions of section 32 of the jury law (Acts 1909, pp. 317-319), was granted by the trial court and the service set aside and held for naught, on the ground that there was a variance between the original indictment and the copy served on the defendant, in that the heading of the former showed that it was found at the fall term of the court, 1913, while the heading on the indictment served on the defendant read, "Fall Term, 1911." It appears that, after the court quashed the service, the defendant was served with a true copy of the indictment against him, but this service was made without any additional order of the court at 3 o'clock in the afternoon, some seven days after the date of the original order of the court requiring a service "forthwith," and after the case had been called for trial, and the defendant was required to proceed with the trial at 9 o'clock the following morning after the 3 o'clock service of that day. This was not in compliance

[Smiley v. The State.]

with the order of the court made in pursuance of the statute.—*Haisten v. State,* 5 Ala. App. 56, 59 South. 361.

Whether or not the order of the court granting the defendant's motion in setting aside the first service of a copy of the indictment, because of a material variance, was properly made, and, if not, whether the defendant would be in a position to complain because of an erroneous action of the court made at his invitation and instance, we need not inquire, for, even though it should be conceded that the first service was regular and sufficient, and that the defendant could not take advantage of an erroneous order of the court invited by him, still the transcript presents no evidence that the indictment set out in the record proper, upon which the defendant was tried, was legally and regularly returned into court. It is not shown to be a valid indictment, in that it is not shown to have been indorsed "A true bill," nor does it appear to have been signed by a foreman of any grand jury.—Code, § 7300; *Whitley v. State,* 166 Ala. 42, 52 South. 203. As the record in this case has been filed in this court since the 23d day of April, 1914, and was not submitted until the 18th day of June, 1914, it is to be presumed that if the transcript of the indictment as set out in the record is incorrect and could have been corrected, and made to show a legal indictment, the Attorney General, having ample opportunity to examine the transcript since its filing here on April 23, 1914, would have taken the necessary steps to perfect the record before a submission of the cause. This is still further borne out by the fact that, although the case is one of some gravity, involving a conviction carrying with it a ten-year penitentiary sentence, we are furnished with no brief or argument for the state insisting upon an affirmance of the judgment.

Reversed and remanded.