# Tarrant *v.* The State.

## *Sodomy.*

(Decided January 21, 1915.   67 South. 626.)

1. *Sodomy; Elements; Evidence.*—In a prosecution for sodomy the fact of penetration must be shown, but it may be shown by circumstantial as well as direct or positive evidence.

2. *Same; Evidence.*—In a prosecution for sodomy the court can not take judicial knowledge that a cow not in heat will not submit to intercourse with a man.

3. *Evidence; Opinion.*—Witnesses who have observed the habits of cows with bulls were not qualified to express an opinion that a cow not in heat would not submit to intercourse with a man.

4. *Indictment and Information; Offenses Included; Attempts.*—Where the evidence was not sufficient to establish the fact of penetration, a conviction could be had for an attempt to commit the offense of sodomy under an indictment charging sodomy, the evidence being otherwise sufficient for that purpose (Section 6311, Code 1907).

5. *Trial; Reception of Evidence; Objections; Grounds.*—Where the question is objectionable on any grounds the court will not be put in error for sustaining a general objection, nor for overruling such objection, notwithstanding circuit court rule 33; hence it was not error for the court to sustain a general objection to a question calling for the opinion of a witness who had not qualified to express the opinion.

6. *Appeal and Error; Defective Record; Resubmission.*—Where a conviction was sustained on the original submission, and rehearing applied for on the grounds of defects in the indictment as to filing and endorsements, and the Attorney General, on proper motion and showing, applies for an order setting aside the submission, and certiorari to perfect the record, and the certiorari, or the return thereto shows such indictment to be regular and properly filed and endorsed, the Court of Appeals will not thereafter set aside the orders theretofore made and grant the rehearing on the grounds specified, but will determine the case on resubmission on the record as resubmitted.

[Tarrant v. The State.]

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Frank Tarrant was convicted of sodomy, and he appeals. Affirmed upon original submission, and upon resubmission.

KEITH & WILKINSON, for appellant. The court erred in sustaining the general objection to the question propounded to witness Goldsby, as it was not patently illegal.—*Pool v. Davis,* 36 Ala. 672; *Richards v. Bestor,* 90 Ala. 352. The witness was qualified to answer and should have been permitted to give his opinion.—17 Cyc. 188, 294. The defendant was entitled to the general charge.—6 Mayf. 105; *Langford v. The State,* 89 S. W. Rep. 830. The indictment bears no date of filing nor is it properly endorsed, and hence was not valid.— *Smiley v. The State,* 65 South. 916; *Whitley v. The State,* 166 Ala. 42; § 7300, Code 1907.

ROBERT C. BRICKELL, Attorney General and WM. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was charged with and convicted of the crime of sodomy or beastiality, the indictment alleging that he, "against the order of nature, carnally knew a certain beast, to wit, a cow."—Code, § 6746.

While it is not necessary to a conviction for such offense that there should be any proof of emission (Code, § 6747), yet proof of penetration is required. It must, as in rape, be shown that the res was in the re, but to no particular depth. This, however, may be done, as in other cases, by circumstantial evidence, when positive proof is wanting.—*Cross v. State,* 17 Tex. App. 476; Bishop on Statutory Crimes (2d Ed.) § 488; *Brauer v. State,* 25 Wis. 413; *Com. v. Snow,* 111 Mass. 411.

The defendant in the case at bar, at the conclusion of the evidence, requested the general affirmative charge. One insistence here is that it should have been granted because, it is urged, there was no evidence tending to show a penetration. As to whether there was or was not, it is unnecessary to the upholding of the action of the lower court, in its refusal of the charge mentioned, for us to determine (but see *Cross v. State*, 17 Tex. App. 476) ; since that charge, in the language as framed, was properly refused, even if there had been no evidence of penetration, as there was certainly evidence of an attempt to commit the offense. Section 6311 of the Code provides that: "Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an *attempt to commit such offense,* without any special count in the indictment for such attempt."—*Hutto v. State,* 169 Ala. 19, 53 South. 809; *Burton v. State,* 8 Ala. App. 295, 62 South. 394.

The charge mentioned, if given, would have prevented the jury from even convicting the defendant of an attempt to commit the offense, and was properly refused.

If it was impossible, as insisted, for defendant to have executed the attempt, then it might be, which we need not consider, that he could not even be convicted of an attempt.—*State v. Clarissa,* 11 Ala. 57; *Burton v. State,* 8 Ala. App. 295, 62 South. 394; *Smith v. State,* 8 Ala. App. 206, 62 South. 575. But there is nothing in the record here which discloses that it was impossible, unless we are willing to say as a matter of law or judicial knowledge, which we are not, that, as urged by appellant's counsel, it is impossible in the nature of things for a man to have intercourse with a cow that is not in a state of heat, and when the only physical restraint upon her at the time is a rope with which she is tied to

[Tarrant v. The State.]

the garden fence, and which is 20 or 30 feet long between her and the fence, and which, as a consequence, affords her ample slack for moving out of the way. We do not judicially know that she would move out of the way, or that she would not. We do know, however, that two witnesses swore that she did not, but that she stood while the defendant was at her tail, with his front against her and his male parts out, indulging or attempting to indulge, in the indecent and revolting act of intercourse with her; and, by the insistence of counsel here, we are asked in effect to say, as a matter of law, that their statements are untrue because, it is urged in effect, we should judicially know that a cow not in heat would not stand for a man to have intercourse with her, and we should know it as an inference from the fact, proved without dispute, that a cow not in heat or not "bulling" would not submit to being covered by the male of her kind. While the existence vel non of a state of heat in the animal is a circumstance permissible to be proved as of 'some probative value, to be considered by the jury along with the other facts and circumstances in the case in determining the guilt or innocence of the accused (*Mullins v. State,* 45 Tex. Cr. R. 465, 76 S. W. 560), yet we are no more willing to say that the absence of such heat is conclusive of defendant's innocence than we would be willing to say that its existence would be conclusive of his guilt; and we are no more willing to say that no cow, when not in heat, would submit to intercourse with a man, because, as proved, no cow, when not in heat, would submit to being covered by a bull, than we would be willing to say that any cow in a state of heat that would submit to being covered by a bull would also submit to intercourse with a man. As to whether a cow, either in a state of heat or not in such state, would stand and sub-

mit to intercourse from a man would, we would guess, depend more largely upon the nature and disposition of the particular cow—her gentleness or not and her accustomedness to the dominion and control of man—than upon her condition as to heat. However, whether true or not, and even assuming the existence of the rule, as contended for by appellant's counsel, that cows in general, when not in heat, will not stand and submit to intercourse with a man, yet we know that nature everywhere furnishes us exceptions to all of its rules, both in the animate and in the inanimate universe; and it certainly cannot be rationally said, in the light of the testimony of the two witnesses for the state as mentioned, that there is no evidence in this case of an exception to the general rule. The affirmative charge should always be refused where the evidence is sufficient to overcome, prima facie, the presumption of innocence.—*Jones v. State*, 90 Ala. 630, 8 South. 383, 24 Am. St. Rep. 850. We are clear that the court did not err in refusing such charge here. There was at least evidence of an attempt to commit the offense.

Nor was there error in sustaining the state's objection to the question propounded by defendant to his witness Henderson Goldsby, to wit: "From your observation of and experience with cows would you say that a cow not bulling would stand for a man to cover her?"

While otherwise objectionable, nothing more need be said in condemnation of the question than that the knowledge of the witness with respect to cows, as previously testified to by him, did not appear to be such as to qualify him to give an expert opinion on the subject mentioned. The observation and experience that had been testified to by him related only to the habits and disposition of cows, when bulling and when not bulling, with respect to the male of their kind, and not with re-

[Tarrant v. The State.]

spect to mankind; and such knowledge consequently did not render him capable of giving an expert opinion of their habits and disposition towards man, when in and out of such condition, because man's relationship with, his superiority to, and his dominion and power over, the rest of animal creation, and each kind thereof, is known to be so different from that of any other animal that the habits and disposition of other animals with respect to their kind, or with respect to other kinds than man, as a rule, afford no just analogy and furnish no fair or adequate basis for measuring their habits and disposition, when domesticated, towards man. He was created such and is king over them all, and the extent of his sway over a particular animal in particular respects certainly has not, as a general proposition, the same limitations as that of the brute. Whether so or not in the particular here under consideration, if a witness had observed many instances and found in each the rule to be the same, he might have been capable of forming and giving an opinion in this case; but the witness here is not shown to have had such observation in even a single case.

The fact that the objection interposed by the state to the question was only a general one is immaterial; since the rule—too well established to require the citation of authority—is that the trial court will not be put in error for sustaining a general objection when the question objected to is objectionable on any ground. This in no wise conflicts with the other rule, mentioned by appellant, and as declared in rule 33 of circuit and inferior courts (Civil Code, p. 1527).

We have, as we felt in duty bound, seriously discussed, however unpleasant the subject and the task, every point seriously insisted upon in brief. No error being found, the judgment of conviction is affirmed.

Affirmed.

12 CA

[Tarrant v. The State.]

UPON RESUBMISSION.

PELHAM, P. J.—After the judgment of conviction of the trial court had been affirmed by this court (see opinion in this case on the original submission), and while the case was pending here on an application for a rehearing on the sole ground that the transcript presented no data that the indictment was a valid indictment, in that it failed to show that it was signed by the foreman of a grand jury or indorsed "a true bill," the attorney general made a motion to set aside the judgment of affirmance and submission of the case, restore the case to the docket, and grant a certiorari to bring up a true copy of the original indictment. On the hearing of this motion, it was made known to the court that the original indictment would show that it was in fact signed by the foreman of the grand jury and indorsed "a true bill." The court granted the motion and ordered the certiorari to issue. In response to that order, the return to the certiorari, bringing before us a true copy of the original indictment, shows that the failure of the transcript to show that the indictment was signed by the foreman and indorsed "a true bill" was due to a clerical omission, and that in truth and in fact the indictment did contain the proper indorsements to make it a valid indictment.

The case has been resubmitted on the transcript as corrected by the return to the certiorari, showing the indictment upon which the defendant was convicted to be a valid indictment. The defendant has moved the court, and earnestly and urgently insists on the resubmission, that we set aside the former orders for certiorari, etc., above referred to, and grant his application for a rehearing on the ground that the transcript fails to show a valid indictment for the reason given that we have heretofore referred to.

[Fortner v. The State.]

The court having heretofore, on proper showing made on the motion of the attorney general, exercised its discretion and set aside the former submission, restored the case to the docket, and granted an order for a certiorari, and the return to that certiorari showing a valid indictment, this court could not now, in the proper and orderly administration of justice, shut its eyes to the fact that the record before us as thus completed, correcting a mere clerical omission, shows that the defendant was convicted on an indictment in every respect valid. The record on this submission having been brought before us in its completed form, the case must be adjudicated on that record.—*Ind. Pub. Co. v. Am. Press Ass'n*, 102 Ala. 475, 15 South. 947.

The motion of the defendant to set aside the former orders of the court and grant the application for a rehearing and enter an order of reversal is denied. No reversible error being shown by the transcript (see opinion on original submission) as completed by the return to the certiorari, the judgment appealed from is affirmed.