98 So.2d 859

Hosea **THORN**

v.

**STATE.**

**8 Div. 905.**

Court of Appeals of Alabama.

Aug. 13, 1957.

Rehearing Denied Sept. 20, 1957.

Bill Fite, Hamilton, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

The general way to accuse a man of a felony is by indictment, Amendment XXXVII, Constitution, which replaced Section 8 thereof. To be an indictment, the accusation must be a writing "presented" by a grand jury. Code 1940, T. 15, § 228, McGee Crim.Proc. in Alabama, pp. 87 and 88. Being formulary acts, its mode of presentment and its indorsement as a true bill prescribed by law (Code 1940, T. 15, § 250, and T. 30, § 89) are mandatory, McMullen v. State, 17 Ala.App. 504, 86 So. 175; Roan v. State, 225 Ala. 428, 143 So. 454 (dictum).

The purported indictment in the record here is only an accusation of assault with intent to murder subscribed by the solicitor without the indorsement "a true bill," and for the want thereof does not support the judgment, Gould v. State, 29 Ala.App. 57, 191 So. 402, see also Dowdy v. State, 24 Ala.App. 333, 134 So. 896, for a list of other cases. 30 A.L.R. 721 notes that our view conforms to that held in most states.

Reversed and remanded.