177 So.2d 924

**Author SAYLOR**

**v.**

**STATE.**

**6 Div. 47.**

Court of Appeals of Alabama.

March 9, 1965.

Rehearing Denied May 4, 1965.

Matt Murphy, Jr., Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

On June 10, 1964, this appellant was, pursuant to a jury verdict, adjudged guilty of murder in the second degree.

Appellant gave notice of appeal on the same day, June 10, 1964.

The Attorney General has filed a motion to strike the transcript of the evidence on the ground that it was not filed with the clerk below within the time required by law.

Under Sections 827(1)–827(6), Title 7, Code of Alabama 1940 (pocket part), the court reporter's transcript of the evidence, in the absence of proper extension of time, must be filed with the clerk below within sixty days from the date of appeal, or within sixty days from the ruling on motion for a new trial, whichever is later.

■ It does not appear from the record that appellant filed a motion for a new trial. No extension of time for filing the transcript of evidence was granted by the court below. Therefore, the transcript of evidence should have been filed with the clerk below within sixty days after June 10, 1964, or on or before August 10, 1964 (August 9, 1964, being Sunday). It was not filed until September 1, 1964. Thus, the motion to strike the transcript of evidence must be, and is, hereby granted.

It remains to consider whether this appeal should be denied on the transcript of the record—or record proper.

■■ Where, as here, the transcript of the evidence is not timely filed, the time within which the record proper must be filed in this court is sixty days from the date upon which the transcript of the evidence could, or should have been filed with the clerk below. Relf v. State, 267 Ala. 3, 99 So.2d 216. This was sixty days after August 10, 1964, or on or before October 9, 1964. The record proper was filed in this court on October 8, 1964, obviously within the time required. Thus, the appeal must be considered on the record proper.

■ We have examined the transcript of the record and found no error therein, and this cause is therefore due to be and the same is hereby

Affirmed.

## On Rehearing

Appellant has filed an application for rehearing and has attached thereto a certificate of the clerk below. The certificate states, in effect, that an order extending the time for filing the transcript appears on record in the office of said clerk. No such order appears on the record upon which the cause was submitted.

The only relief prayed for in the application for rehearing, and in the brief accompanying the application, is a rehearing by this court. In effect, we are asked to set aside submission and judgment, and to consider the record as though corrected by certiorari.

The record was filed in this court on October 8, 1964.

On December 11, 1964, the attorney general filed a motion to strike the transcript of the evidence because not filed with the clerk below within the time required by law. This motion was accompanied by a certificate that a copy was mailed, properly stamped, and addressed to appellant's counsel on December 11, 1964.

This appeal was submitted in this court on the motion to strike, and on the merits, on January 14, 1965.

Our opinion was rendered on March 9, 1965. No reply to the attorney general's motion had been filed in this court up to this time.

■ A party is not entitled as a matter of right, on an application for rehearing, to a certiorari to correct defects in the record. Lipscomb v. State, 37 Ala.App. 379, 68 So. 2d 862; Clark v. State, 8 Ala.App. 105, 62 So. 987; Rushing v. State, 40 Ala.App. 361, 113 So.2d 527.

■ Generally, an attempt to correct the record after final disposition comes too late.

Lipscomb v. State, supra; Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; Harris v. State, 39 Ala.App. 99, 94 So.2d 884.

 Although counsel was apprised of a diminution of the record by the attorney general's brief and motion to strike, he made no attempt to invoke the process of this court to supply the omission before final disposition.

To grant the relief here sought would tend to encourage carelessness in appellate procedure and unduly prolong litigation. See Lipscomb v. State, supra. Without deciding the propriety of the method employed to correct the record, we conclude that the attempt to do so came too late, and that, therefore, the application for rehearing must be denied.

Application for rehearing overruled.

PRICE, P. J., not sitting.