243 So.2d 390

Willie Lee SASHNER

v.

STATE.

I Div. 97.

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

Rehearing Denied Dec. 15, 1970.

———◆———

G. Dennis Porter, Chatom, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

First degree burglary: sentence, 99 years and 1 day.

We find it compulsory to reverse the conviction below because the record does not affirmatively show that the defendant on arraignment personally pled not guilty, nor does it show that he was attended by counsel when arraigned on the 4th of March 1970.

The form of arraignment used by the court below was specifically held to be defective by Mr. Justice Merrill in Perkins v. State, 281 Ala. 139, 199 So.2d 839. See also Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114.

For this omission the judgment below is reversed and the cause remanded for trial de novo.

Reversed and remanded.

On Rehearing

On November 17, 1970, we delivered our original opinion. On December 2, the Attorney General filed a motion to set aside

submission, recall of opinion and for a writ of certiorari.

The State informs us if we issue a writ of certiorari for a minute entry of March 4, 1970, that the return would show appellant was on that date arraigned with counsel.

■ On June 16, 1970, the clerk certified that the record filed by the appellant contained "a full, true and correct transcript of the records had" in the case. This transcript (the record on appeal) was filed here June 17, 1970 and the cause came on for submission on briefs July 16, 1970, the appellant's brief having been filed June 22.

The first proposition of law in the appellant's brief was:

"A prisoner, accused of a felony, must be arraigned in person, and must plead in person and the record must affirmatively show the prisoner's presence at those stages of the proceedings against him as well as throughout his trial."

Supreme Court Rule 18 reads, in pertinent part:

"A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, at any time *before the submission* of the cause, if its object be to sustain a judgment, without a showing; * * *." (Italics added).

We consider that the appellant's brief which led us to the *Perkins* opinion, supra, effectively put the State on notice of the deficiency in the record of instant concern. Accordingly, on authority of Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; Lipscomb v. State, 37 Ala.App. 379, 68 So. 2d 862; and Saylor v. State, 42 Ala.App. 666, 177 So.2d 924, we hold that the State's motion comes too late.

Motion denied; application overruled.

ALMON, J., not sitting.