285 So.2d 492

**Charles M. STRICKLAND**

**v.**

**STATE.**

**4 Div. 244.**

Court of Criminal Appeals of Alabama.

Oct. 16, 1973.

Rehearing Denied Nov. 13, 1973.

Smith & Smith, Dothan, for appellant.

William J. Baxley, Atty. Gen., and George M. Van Tassel, Jr., Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Second-degree burglary: sentence, ten years imprisonment.

■ The general way to accuse a man of a felony is by indictment, Amendment XXXVII, Constitution, which replaced Section 8 thereof. To be an indictment, the accusation must be a writing "presented" by a grand jury. Code 1940, T. 15, § 228, McGee, Alabama Criminal Practice, p. 93. Being formulary its mode of presentment and its indorsement as a true bill as prescribed by law (Code 1940, T. 15, § 250, and T. 30, § 89) are mandatory, McMullen v. State, 17 Ala.App. 504, 86 So. 175; Roan v. State, 225 Ala. 428, 143 So. 454 (dictum).

■ The purported indictment in the record here is only an accusation subscribed by the solicitor without the indorsement "a true bill," and for the want thereof does not support the judgment, Thorn v. State, 39 Ala.App. 227, 98 So.2d 859(3); Kennedy v. State, 39 Ala.App. 676, 107 So.2d 913(26); Gould v. State, 29 Ala. App. 57, 191 So. 402. See also Dowdy v. State, 24 Ala.App. 333, 134 So. 896, for a list of other cases.

The record was filed here July 11, 1973 and was submitted on September 20, 1973. In Smiley v. State, 11 Ala.App. 67, 65 So. 916, we find:

"  *  *  *  It is not shown to be a valid indictment, in that it is not shown to have been indorsed 'A true bill,' nor does it appear to have been signed by a foreman of any grand jury.—Code, § 7300; Whitley v. State, 166 Ala. 42, 52 So. 203. As the record in this case has been filed in this court since the 23d day of April, 1914, and was not submitted until the 18th day of June, 1914, it is to be presumed that if the transcript of the indictment as set out in the record is incorrect and could have been corrected, and made to show a legal indictment, the Attorney General, having ample opportunity to examine the transcript since its filing here on April 23, 1914, would have taken the necessary steps to perfect the record before a submission of the cause. *  *  *"

Further, Supreme Court Rule 18 puts the burden on the parties, not the court, to perfect the record.

The judgment below is reversed and the cause is remanded for new trial.

Reversed and remanded.

All the Judges concur.