292 So.2d 450

In re Charles M. **STRICKLAND**

v.

**STATE of Alabama.**

Ex parte STATE of Alabama ex rel.

**ATTORNEY GENERAL.**

**SC 640.**

Supreme Court of Alabama.

March 28, 1974.

William J. Baxley, Atty. Gen., and George M. Van Tassel, Jr., Asst. Atty. Gen., for the State.

No appearance for Charles M. Strickland.

Petition denied.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH and FAULKNER, JJ., concur.

HEFLIN, C. J., dissents.

MADDOX, J., with whom McCALL and JONES, JJ., join, dissents.

MADDOX, Justice (dissenting).

The Court of Criminal Appeals, apparently on a search of the record,[1] reversed Strickland's conviction because the indictment which was certified to that court did not show that it contained an endorsement that it was "a true bill."

After the Court of Criminal Appeals reversed Strickland's conviction, the State applied for a rehearing and asked the Court of Criminal Appeals to grant a writ of certiorari to the trial court to bring up the record which would show the true facts, which the State contended would show that the indictment was properly endorsed "a true bill," but that the clerk had failed to include the endorsement of the indictment in the record. The Court of Criminal Appeals denied rehearing and refused to grant certiorari to complete the record.

The State filed a petition here styled "Petition for Mandamus" and asked this Court to direct the Court of Criminal Appeals to set aside its judgment of reversal and issue a Writ of Certiorari to Clerk of the Circuit Court to perfect the record. I would treat the petition for mandamus as a petition for certiorari and grant it.

Section 140 of the Alabama Constitution, which was in effect on the date the "Petition for Mandamus" was filed here by the State provides that this Court has the power and authority to superintend and

1. "Assignment Or Joinder Of Error Unnecessary; Duty Of Court.—In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions,

and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant." Title 15, § 389, Code of Alabama, 1940.

control the Court of Criminal Appeals. Hanvey v. Thompson, 286 Ala. 614, 243 So.2d 748 (1971). Rule 39 of the Rules of Practice of this Court, 286 Ala. XXI provides that no application for writ of certiorari, or other *remedial writ*, seeking to review or revise an opinion or decision of the Court of Criminal Appeals will be considered unless it appears on the face of the petition that application was made to the Court of Criminal Appeals and that court decided the application adversely to the movant. The petition filed here states these jurisdictional facts. While the petition is styled a "Petition for Mandamus," the character of a pleading is determined from its essential substance, and not from its descriptive name or title. Guaranty Funding Corp. v. Bolling, 288 Ala. 319, 260 So.2d 589 (1972); Union Springs Tel. Co. v. Green, 285 Ala. 114, 229 So.2d 503 (1969). I would treat the petition as one for certiorari seeking to review and revise the decision of the Court of Criminal Appeals, not only in reversing the judgment but in denying the State's application for rehearing *and* the State's application for writ of certiorari to bring up the true facts.

I realize that ordinarily it is discretionary with the Court of Criminal Appeals whether to set aside its opinion and submission and restore the cause to its docket. Saylor v. State, 42 Ala.App. 666, 177 So.2d 924; cert. den. 278 Ala. 297, 177 So.2d 926 (1965). But *Saylor* is distinguishable. In *Saylor,* the *appellant* failed to timely file his transcript of the evidence. The failure of the *appellant* to timely file the transcript was called to his attention by the State's motion to strike. Saylor did nothing until after the court granted the State's motion. He then sought certiorari to bring up an order entered in the trial court to extend the time for filing the transcript. The court said:

"Although counsel was apprised of a diminution of the record by the *attorney general's brief* and *motion to strike,* he made no attempt to * * * supply the omission before final disposition." [Emphasis added.]

Here, Strickland apparently filed nothing which called the State's attention to the omission of the endorsement "a true bill."

I think it is the duty of the *clerk of the court,* not the state, to make out a *full and accurate* transcript of the record. Title 15, § 379, Code of Alabama, 1940. It is the duty of the *appellant* [in this case Strickland] to see that his appeal is perfected in accord with the law. In Graham v. State, 30 Ala.App. 179, 2 So.2d 463 (1941), the clerk failed to include in the transcript the defendant's motion for a new trial, the charges of the court and other orders and minutes of the court, as required by statute. The Court of Appeals said:

"* * * [I]t was the appellant's duty to see that the statutes, supra, are complied with, and his appeal perfected in accord with rules of the court. Powell v. State, 5 Ala.App. 150, 59 So. 328; Lampley v. State, 6 Ala.App. 23, 60 So. 415; Weldon v. State, 21 Ala.App. 357, 108 So. 270, on rehearing. In the Lampley case, supra, this court said [6 Ala. App. 23, 60 So. 416]: 'Parties to appeals, even in criminal cases, are expected to see to it—in fact, are required to see to it—that their appeals are perfected with reasonable dispatch.' "

The Court of Criminal Appeals heretofore seems to have followed the rule that if the State was put on notice *before submission* of the defect in the record, a certiorari to perfect the record would not issue *after submission.* In Sashner v. State, 46 Ala.App. 407, 243 So.2d 390 (1970), the court said:

"On November 17, 1970, we delivered our original opinion. On December 2, the Attorney General filed a motion to set aside submission, recall of opinion and for a writ of certiorari.

"The State informs us if we issue a writ of certiorari for a minute entry of March 4, 1970, that the return would

show appellant was on that date arraigned with counsel.

"On June 16, 1970, the clerk certified that the record filed by the appellant contained 'a full, true and correct transcript of the records had' in the case. This transcript (the record on appeal) was filed here June 17, 1970 and the cause came on for submission on briefs July 16, 1970, the appellant's brief having been filed June 22.

"The first proposition of law in the appellant's brief was:

" 'A prisoner, accused of a felony, must be arraigned in person, and must plead in person and the record must affirmatively show the prisoner's presence at those stages of the proceedings against him as well as throughout his trial.'

"Supreme Court Rule 18 reads, in pertinent part:

" 'A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, at any time *before the submission* of the cause, if its object be to sustain a judgment, without a showing; * * *.' (Italics added).

"We consider that the appellant's brief which led us to the Perkins opinion, supra, effectively put the State on notice of the deficiency in the record of instant concern. Accordingly, on authority of Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; Lipscomb v. State, 37 Ala.App. 379, 68 So.2d 862; and Saylor v. State, 42 Ala.App. 666, 177 So.2d 924, we hold that the State's motion comes too late."

It is apparent to me that in *Sashner*, the defect in the record was brought to the State's attention in Sashner's brief. No such showing is apparent in this case. While Rule 18 of this Court contemplates that petitions to correct the record will be made *prior to submission*, a reading of the rule indicates that the *spirit of the rule* is to award certiorari liberally if a *judgment will be sustained* by perfecting the record. Even though the cause was submitted, I do not think the State, as appellee, should have made sure the record was complete, especially if its attention was not called to some defect in the record by the appellant.

In the past, the Court of Criminal Appeals seems to have followed the rule I suggest. The rule of that court prior to this case seems to be that certiorari will be granted if the perfection of the record would sustain the judgment and the *State was not put on notice* that the defect existed *prior to submission*. The question is whether the departure by the Court of Criminal Appeals from this procedure constitutes an abuse of discretion.

I think it does for the following reasons: (1) The State's attention apparently was not called to the error of the clerk until after submission and opinion. (2) On appeal, the State was under no duty to make sure that the record on appeal was true and correct. (3) A certified copy of the indictment filed with the State's motion to set aside the submission in the Court of Criminal Appeals shows that the indictment contained an endorsement "a true bill."

The Court of Criminal Appeals cites Smiley v. State, 11 Ala.App. 67, 65 So. 916 (1914), as authority for its reversal. In *Smiley*, the reporter's synopsis of the brief filed in the case by the appellant indicates that the *appellant* there, in brief, pointed out the fact that the "indictment itself was not sufficient to support a conviction as the record fails to show the proper endorsements thereon." 11 Ala.App. at page 68, 65 So. 916. *Smiley* is not unlike *Sashner* in that in both cases the State's attention was called to the defect *prior to submission*. The Court of Appeals noted in *Smiley*:

" * * * [A]lthough the case is one of some gravity, involving a conviction carrying with it a ten-year penitentiary

sentence, we are furnished with no brief or argument for the state insisting upon an affirmance of the judgment."

*Smiley* is easily distinguishable. There, the State's attention was called to the defect. The State did nothing. Here, the State immediately asked for a rehearing and for certiorari to perfect the record. The distinguishing feature of *Smiley* is accentuated by an examination of Tarrant v. State, 12 Ala.App. 172, 67 So. 626 (1915), written approximately six months after *Smiley*. Judge John Pelham authored both *Smiley* and *Tarrant*. *Tarrant* is strikingly similar to the case here, except in *Tarrant* the Court of Appeals granted certiorari to correct the record instead of reversing the judgment as it did here. Judge Pelham there wrote:

"*After the judgment of conviction of the trial court had been affirmed by this court* (see opinion in this case on the original submission), and while the case was pending here on an application for a rehearing on the sole ground that the transcript presented no data that the indictment was a valid indictment, in that it failed to show that it was signed by the foreman of a grand jury or indorsed 'a true bill,' the attorney general made a motion to set aside the judgment of affirmance and submission of the case, restore the case to the docket, and grant a certiorari to bring up a true copy of the original indictment. On the hearing of this motion, it was made known to the court that the original indictment would show that it was in fact signed by the foreman of the grand jury and indorsed 'a true bill.' *The court granted the motion and ordered the certiorari to issue.* In response to that order, the return to the certiorari, bringing before us a true copy of the original indictment, shows that the failure of the transcript to show that the indictment was signed by the foreman and indorsed 'a true bill' was due to a *clerical omission, and that in truth and in fact the indictment did contain the proper indorsements to make it a valid indictment.*

"The case has been resubmitted on the transcript as corrected by the return to the certiorari, showing the indictment upon which the defendant was convicted to be a valid indictment. The defendant has moved the court, and earnestly and urgently insists on the resubmission, that we set aside the former orders for certiorari, etc., above referred to, and grant his application for a rehearing on the ground that the transcript fails to show a valid indictment for the reasons given that we have heretofore referred to.

"The court having heretofore, on proper showing made on the motion of the Attorney General, exercised its discretion and set aside the former submission, restored the case to the docket, and granted an order for a certiorari, and the return to that certiorari showing a valid indictment, *this court could not now, in the proper and orderly administration of justice, shut its eyes to the fact that the record before us as thus completed, correcting a mere clerical omission, shows that the defendant was convicted on an indictment in every respect valid.* The record on this submission having been brought before us in its completed form, the case must be adjudicated on that record. Ind. Pub. Co. v. Am. Press Ass'n, 102 Ala. 475, 15 So. 947.

"The motion of the defendant to set aside the former orders of the court and grant the application for a rehearing and enter an order of reversal is denied. No reversible error being shown by the transcript (see opinion on original submission) as completed by the return to the certiorari, the judgment appealed from is affirmed." [Emphasis added.]

It appears to me that the failure of the indictment in the transcript to have the endorsement "a true bill" was a mere clerical misprision. If the State's attention was not called to omission prior to submission,

and the omission was noted by the Court of Criminal Appeals under its search of the record, as it appears to me was the case, it was an abuse of discretion to refuse the State's petition to set aside the submission and to bring up the full record, in my judgment. I believe a return on certiorari would show that the indictment was in every respect valid.

I would reverse the judgment of the Court of Criminal Appeals with directions to set aside the submission, and grant the State's petition for certiorari to bring up the indictment. Consequently, I respectfully dissent.

McCALL and JONES, JJ., concur.