299 So.2d 323

**Dudley Dee GOULDEN, III, alias**

**v.**

**STATE.**

**3 Div. 261.**

Court of Criminal Appeals of Alabama.

June 4, 1974.

Rehearing Denied June 28, 1974.

Charles C. Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

First degree forgery: sentence, twenty years. Code 1940, T. 14, §§ 199 & 207.

I

There is no endorsement on the indictment of instant concern. All the record shows after "against the peace and dignity of the State of Alabama" is the signature of the Solicitor (sic) followed by a notation reading. "Filed in open Court on the 16 February A.D. 1972" with the signature of the clerk thereto.

Code 1940, T. 30, § 89 requires the concurrence of at least twelve grand jurors to find an indictment. The bill thereof must be indorsed "a true bill" with the signature of the foreman. See annotations appended to § 89, supra.

In Strickland v. State, 51 Ala.App. 328, 285 So.2d 492, we wrote:

"The general way to accuse a man of a felony is by indictment, Amendment XXXVII, Constitution, which replaced Section 8 thereof. To be an indictment, the accusation must be a writing 'presented' by a grand jury. Code 1940, T. 15, § 228, McGee, Alabama Criminal Practice, p. 93. Being formulary its mode of presentment and its indorsement as a true bill as prescribed by law (Code 1940, T. 15, § 250, and T. 30, § 89) are mandatory, McMullen v. State, 17 Ala. App. 504, 86 So. 175; Roan v. State, 225 Ala. 428, 143 So. 454 (dictum).

"The purported indictment in the record here is only an accusation subscribed by the solicitor without the indorsement 'a true bill,' and for the want thereof does not support the judgment. Thorn v. State, 39 Ala.App. 227, 98 So. 2d 859(3); Kennedy v. State, 39 Ala. App. 676, 107 So.2d 913(26); Gould v. State, 29 Ala.App. 57, 191 So. 402. See also Dowdy v. State, 24 Ala.App. 333, 134 So. 896, for a list of other cases.

" * * * In Smiley v. State, 11 Ala. App. 67, 65 So. 916, we find:

" ' * * * It is not shown to be a valid indictment, in that it is not shown to have been indorsed "A true bill," nor does it appear to have been signed by a foreman of any grand jury.—Code, § 7300; Whitley v. State, 166 Ala. 42, 52 So. 203. As the record in this case has been filed in this court since the 23rd day of April, 1914, and was not submitted until the 18th day of June, 1914, it is to be presumed that if the transcript of the indictment as set out in the record is incorrect and could have been corrected, and made to show a legal indictment, the Attorney General, having ample opportunity to examine the transcript since its filing here on April 23, 1914, would have taken the necessary steps to perfect the record before a submission of the cause. * * *'

"Further, Supreme Court Rule 18 puts the burden on the parties, not the court, to perfect the record."

Thereafter, on failure of a tardy application for certiorari (see Supreme Court Rule 18) we were cited in the Supreme Court. Ex parte State ex rel. Attorney General (re: Strickland v. State) 292 Ala. 751, 292 So.2d 450 (1974). A majority denied the petition.

For the record we wish to point out that we waive Supreme Court Rule 19 to allow the Attorney General to use the original filed copy of a criminal appeal to use in writing his brief. This because the original being the ribbon copy is more legible.

We are aware that the Attorney General has a check list which calls for the examining attorney to check off that the indictment of record carries the endorsement, "a true bill." By Michie's Code, T. 13, §§ 229 & 229(1) District Attorneys were charged with the duty of checking evidence transcripts.

In Sashner v. State, 46 Ala.App. 407, 243 So.2d 390, we called attention to Supreme Court Rule 18 and the rationale of Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; Lipscomb v. State, 37 Ala.App. 379, 68

So.2d 862; and Saylor v. State, 42 Ala.App. 666, 177 So.2d 924.

 At some time the record in an appellate case must be taken as final, otherwise this Court will become little more than a wet nurse for the Attorney General's pride of cubs.

We have only extended this opinion in deference to the dissenting Justices in Ex parte State (re: Strickland v. State), supra.

The judgment below is

Reversed and remanded.

TYSON, J., concurs.

ALMON, HARRIS and DeCARLO, JJ., concur in the result.