299 So.2d 325

**In re Dudley Dee GOULDEN, III**

v.

**STATE of Alabama.**

**Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.**

**SC 900.**

Supreme Court of Alabama.

Aug. 15, 1974.

William J. Baxley, Atty. Gen. and Kermit M. Downs, Asst. Atty. Gen., for the State, petitioner.

NO BRIEF FOR RESPONDENT.

No brief for respondent.

MERRILL, Justice.

Petitioner was convicted of forgery in the first degree and he appealed. The Court of Criminal Appeals reversed the judgment and remanded the cause because the indictment was not endorsed "a true bill" with the signature of the foreman of the grand jury, following Strickland v. State, 51 Ala.App. 328, 285 So.2d 492.

The State petitioned for a writ of certiorari on the ground that the appeal should have been dismissed because the judgment was void, and being void, it would not support an appeal; and failure to dismiss was contrary to the holding of this court in Walker v. State, 142 Ala. 7, 39 So. 242, and McDaniel v. State (Ala.), 39 So. 919, both cases decided in 1905.

In *Walker* and *McDaniel*, this court dismissed the appeals for the reason that the judgments appealed from were void because the cases were tried in circuit court at a time "not authorized by law for the holding of the circuit court" in the two counties in which the cases were tried. Prior to 1915, circuit courts were open only at particular times. In 1915, the Legislature opened circuit courts for most of the year, and in 1936, the Legislature opened

them for the transaction of any or all business "at all times." Tit. 13, § 114, Code 1940. The principle applied in *Walker* and *McDaniel* was no longer applicable after 1936 and is not apt authority here.

Another type case where the appellate court dismissed the appeal and discharged the defendant is Kyser v. State, 22 Ala. App. 431, 117 So. 157, cert. denied 217 Ala. 561, 117 So. 159. There, the circuit judge, upon an affidavit made before him charging the defendant with a misdemeanor, issued a warrant for the defendant *returnable to the circuit court,* and the defendant was there tried and convicted. The Court of Appeals held that the circuit court was without jurisdiction of the subject matter because the circuit court had jurisdiction only "to try criminal cases after indictment found, or upon appeal from a lower court after conviction." The judgment was held void, and being void, it would not support an appeal; and the appeal was dismissed and the defendant discharged. It is clear that in the cases cited, the circuit courts had no jurisdiction.

■ The instant case is different. A court has jurisdiction if it has jurisdiction of the subject matter and of the parties. Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. Kyser v. State, supra.

■ Jurisdiction of courts in personal actions consists of jurisdiction of the subject matter to be adjudged and jurisdiction of the parties. Woolf v. McGaugh, 175 Ala. 299, 57 So. 754.

■ Here, the trial court had jurisdiction of the subject matter—the offense of forgery—and of the person of the defendant. The failure of the foreman of the grand jury to endorse the indictment as a true bill did not deprive the circuit court of jurisdiction but it did render the indictment invalid to the extent that it would not support the judgment of conviction. Whitley v. State, 166 Ala. 42, 52 So. 203, Tit. 30, § 89, Code 1940, and cases cited in the opinion of the Court of Criminal Appeals in this case. We have not checked every case cited in 12 Ala.Dig., Indictment & Information, ☞34(2), dealing with "a true bill," but we have checked most of them, and in all that were disposed of on the absence of the true bill endorsement on the indictment, they were not dismissed, but were reversed and remanded.

The Court of Criminal Appeals properly reversed the judgment and properly remanded the cause.

Writ denied.

HARWOOD, MADDOX, McCALL and FAULKNER, JJ., concur.