329 So.2d 140

**Eugene Bizell PENDLETON, Jr.**

**v.**

**STATE.**

**6 Div. 881.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 28, 1975.

J. Louis Wilkinson, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State.

HARRIS, Judge.

Appellant was put to trial upon an indictment which, omitting the formal parts, reads as follows:

"The Grand Jury of said County charges that, before the finding of this indictment, EUGENE BIZELL PENDLETON, JR., whose name is otherwise

unknown to the Grand Jury, and unlawfully, and with malice aforethought, *killed Bobby Alvin Duke, Jr., against the peace and dignity of the State of Alabama."* (Emphasis added.)

 Under the view we take of this case it is not necessary to review the evidence and the rulings of the Court. This indictment fails to set forth the *quo modo* of the homicide.

The conviction in this case cannot stand as it offends the first requirement of due process. The failure to charge an offense and the obvious harm to the defendant resulting therefrom, is the kind of defect involved in due process of law and it cannot be waived. *Nelson v. State,* 50 Ala.App. 285, 278 So.2d 734.

This case is reversed and remanded for a new trial.

REVERSED AND REMANDED.

All the Judges concur.

## ON REHEARING

PER CURIAM.

Application for Rehearing Overruled.

All the Judges concur except BOOKOUT, J., who dissents.

TYSON, Judge (concurring).

The precise point here at issue, namely, the failure of the indictment to show the quo modo of the offense in question in a murder case, was decided by this Court in *Nelson v. State,* 50 Ala.App. 285, 278 So. 2d 734.

Moreover, on rehearing, we held that after submission it was too late to allow a petition for certiorari to correct the rec-

ord. See *Nelson,* supra, and authorities therein cited.

Recently, this Court has adopted the same position with reference the failure of the indictment to have been endorsed "a true bill." *Strickland v. State,* 51 Ala.App. 328, 285 So.2d 492, mandamus denied, 292 Ala. 751, 292 So.2d 450; and in *Goulden v. State,* 53 Ala.App. 278, 299 So.2d 323, cert. denied 292 Ala. 704, 299 So.2d 325.

The rationale behind the disallowance of tardy petitions to correct the record is well explained in the authoritites cited in the foregoing opinions.

CATES, Presiding Judge (concurring).

I consider that, even if the indictment were merely voidable, nevertheless the evidence would not support the conviction. The state did not present a prima facie case of appellant's participation in the killing and hence appellant was due the affirmative charge.

BOOKOUT, Judge (dissenting).

I adhere to the dissent of Almon, J., in *Nelson v. State,* 50 Ala.App. 285, 278 So.2d 734 (1973). The state has shown that the indictment did in fact set forth the *means* by which the offense was committed.

This court still retains jurisdiction over the appeal pending determination on the application for rehearing. It is still within the power of this court to set aside our opinion. I do not agree with the conclusion reached by this court in *Nelson,* supra. The appellant should not receive a new trial where the *quo modo* was inadvertently omitted from the record on appeal by a clerical error, and where the true indictment is shown to us to be correct on application for rehearing.