BEATTY, Justice
(dissenting).
I would not quash the writ.
Petitioner, Andrew Wilson Hayes, was convicted on two counts of securities fraud as defined in § 8-6-17, Code of 1975. Specifically, Hayes was charged with and convicted of selling two surplus notes on the Southern Heritage Life Insurance Company, of which he was president. The indictment alleged that Hayes had sold the notes with the knowledge that Southern Heritage Life Insurance Company’s certificate of authority had been revoked by the Alabama Commissioner of Insurance, and that, therefore, the company could not engage in business which would enable it to acquire a capital surplus of $200,000, as required by the Alabama Department of Insurance, to validate the notes. The Court of Criminal Appeals affirmed. We granted certiorari to consider the correctness of that court’s judgment. I would reverse and remand with directions.
Although Hayes asserts a number of arguments for reversal, we would need to consider only one to decide this case. Specifically, I consider that a show of hands by the grand jury, taken in open court to confirm an earlier vote on the purported indictment by which Hayes was charged, with both the prosecuting attorney and the trial judge present, was illegal and requires reversal of the conviction.
The facts underlying this issue, as stipulated to by both counsel for the State and counsel for Hayes, are as follows:
The attorney general’s office had drafted two indictments in this cause. One draft contained counts applicable to both Hayes and a co-defendant, Thomas Redmond; the other contained counts applicable only to the co-defendant. After an indictment had been presented by the foreman of the grand jury, purportedly against both Hayes and his co-defendant, the grand jurors were allowed to leave the courtroom. However, before an order discharging the grand jurors had been entered, it was discovered by the trial judge that the indictment that had been signed was the one in which only co-defendant Redmond had been named. The jurors were called back to the courtroom and 16 of the grand jurors returned. Then, some form of hearing was held in open court, with the grand jurors present. During that hearing, both the trial judge and the prosecutor asked the *996 members of the grand jury which draft they had intended to return as an indictment. A show of hands confirmed that the jurors had intended to return the indictment- which named both defendants. Thereafter, the grand jury foreman signed the draft which named both Hayes and Redmond.
Hayes filed pretrial motions to dismiss this indictment, which were denied. After conviction, he appealed to the Court of Criminal Appeals, which affirmed. The Court of Criminal Appeals relied heavily on a stipulation between the State and Hayes in making its determination that “no improprieties in the presentment of this cause to the Grand Jury or in the presentation of the correct indictment to the court by the Grand Jury in this cause [existed].” The Court of Criminal Appeals stated at 507 So.2d 982:
“Following the conclusion of the hearing at which the State and the defendant each presented witnesses, the trial court made findings that, in fact, a proper indictment had been returned and was in proper form and that this was the ‘Hayes-Redmond indictment.’ This was stipulated. See Record [, page 7] of Exhibit A, Supplemental Transcript.
“In light of the stipulation which was filed and is a part of this record on appeal and the findings of the trial judge as to what actually transpired in the Grand Jury, this court finds no violation of any statute with reference to the Grand Jury proceedings in this State. See Sections 12-16-190 through 12-16-233, Code of Alabama 1975 as amended.”
The reliance by both the majority of this Court and the Court of Criminal Appeals upon this stipulation is misplaced.
The stipulation provided, in pertinent part: “At the conclusion of the hearing at which the Defendant and the State presented witnesses, the Court made a finding of fact and ruled as a matter of law that a proper true bill had been returned on the HAYES-REDMOND indictment.”
By the above stipulation, the parties clearly intended to stipulate only to the fact that the trial court had made a “finding” that the indictment was proper. They did not stipulate that the trial court’s finding was correct. Indeed, this stipulation was made for the express purpose of establishing a record of these grand jury proceedings so as to allow their review on the defendant’s appeal from the conviction obtained on the indictment at issue. The parties intended to facilitate review of the very error that both the Court of Criminal Appeals and the majority of this Court have essentially held to have been waived. I do hot place such a labored construction upon the language of this stipulation. The defendant is entitled to have this error reviewed. Cf. Echols v. Star Loan Co., 290 Ala. 76, 274 So.2d 51 (1973).
Beyond the fact that the language of the stipulation at issue has been incorrectly construed by both the Court of Criminal Appeals and by the majority of this Court, it is clear that the result in this case has been reached without considering whether it is, indeed, possible to “waive” the error which exists in this case.
It has long been recognized in Alabama that, although objections as to the form of an indictment may be waived, an objection as to a defect of “substance” cannot be waived. Carruth v. State, 23 Ala.App. 113, 121 So. 498 (1929); Allen v. State, 30 Ala.App. 147, 2 So.2d 320, rev’d on other grounds, 241 Ala. 137, 2 So.2d 321 (1941); Carr v. State, 22 Ala.App. 415, 116 So. 903, cert. denied, 217 Ala. 516, 116 So. 905 (1928). See generally, 42 C.J.S. Indictments and Informations § 301 (1944).
Code of 1975, § 12-16-209, expressly provides that the prosecutor “must not be present at the expression of their [the grand jurors’] opinions or the giving of their votes on any matter before them.” (Emphasis added.)
Further, Code of 1975, § 12-16-214, declares:
“The legislature hereby finds, declares and determines that it is essential to the fair and impartial administration of *997 justice that all grand jury proceedings be secret and that the secrecy of such proceedings remain inviolate. [Emphasis added.] The provisions of this division are to be construed for the accomplishment of this purpose and to promote the following:
“(1) That grand juries have utmost freedom in their discussions, deliberations, considerations, debates, opinions and votes without fear or apprehension that the same may be subsequently disclosed, or that they may be subject to outside pressure or influence or injury in their person or property as a result thereof.
“(2) That those persons who have information or knowledge with respect to the commission of crimes or criminal acts be encouraged to testify freely and truthfully before an appropriate grand jury without fear or apprehension that their testimony may be subsequently disclosed, or that they may be subject to injury in their person or property as a result thereof.
“(3) That those persons who have committed criminal acts or whose indictment may be contemplated not escape or flee from the due administration of justice.
“(4) That those persons falsely accused of criminal acts are not subject to public scrutiny or display and their otherwise good names and reputations are left intact.”
The language of § 12-16-209 is clearly mandatory. Thus, if the requirements of the section are not met, the indictment returned will not support a conviction. See Goulden v. State, 53 A3a.App. 278, 299 So.2d 323, aff'd, 292 Ala. 704, 299 So.2d 325 (1974). Further, it cannot be said that such an error is not one of “substance,” when the legislature has declared of grand jury secrecy that “it is essential to the fair and impartial administration of justice.”
The above Code sections and the policies behind them have been violated. The indictment at issue cannot support a conviction. The judgment of the Court of Criminal Appeals should be reversed.
TORBERT, C.J., and MADDOX and HOUSTON, JJ., concur.